### STEELE et al. v. CRIDER et al.

(Circuit Court, D. Kansas, Second Division. May 16, 1894.)

APPEAL—ACTION ON BOND.

An appeal bond which is given in a cause in which no appeal lies, and which does not operate to stay execution, creates no liability.

Action by Dudley M. Steele and J. W. Walker against James H. Crider, John A. Cragen, Edgar Henderson, William S. Grosvenor, and C. A. Magill upon an appeal bond.

Rossington, Smith & Dallas, for plaintiffs.
J. D. Houston, for defendants.

WILLIAMS, District Judge. It is shown by the petition and answer in this case that the defendant James H. Crider, as prin-

cipal, and the other defendants as sureties, executed for the benefit of the plaintiffs, in one of the courts of the Indian Territory, held at Muskogee, an interpleaders' bond, conditioned according to law; that, upon the trial of his interplea in said court, a judgment was rendered against him, and he—desiring, as is stated in the petition, to appeal to the supreme court of the United States from said judgment—executed in said court an appeal bond, with the defendants herein as sureties upon said bond. The bond, omitting the captions, is as follows:

"That we, James H. Crider, as principal, and John A. Cragen, Edgar Henderson, Wm. S. Grosvenor, and C. A. Magill, as sureties, are held and firmly bound unto Steele & Walker, a partnership composed of Dudley M. Steele and J. W. Walker, plaintiffs herein, in the full and just sum of four thousand dollars, to be paid to the said firm of Steele & Walker, their heirs or assigns, or their certain attorney, executors, administrators, or assigns, to which payment, well and truly to be made, we bind ourselves, our heirs, executors, and administrators, jointly and severally, by these presents, sealed with our seals and dated this 20th day of May, in the year of our Lord 1890. Whereas, lately, at a term of the United States court for the Indian Territory, held at Muskogee, in the Indian Territory, in a suit depending in said court between Steele & Walker, partners as aforesaid, and Mackey & Company, a firm composed of T. E. Mackey and one Thomas Jones, wherein James J. Crider was an interpleader for attached property, a judgment was rendered against the said J. H. Crider, interpleader for attached property, and in favor of said Steele & Walker, and the said J. H. Crider having obtained leave to appeal, and filed a copy thereof in the clerk's office of the said court, to reverse the said judgment in the aforesaid suit, and a citation directed to the said Steele & Walker, citing and admonishing them to be and appear at the supreme court of the United States to be holden at Washington on the second Monday of October next: Now, the condition of the above obligation is such that if the said J. H. Crider, interpleader in said cause, shall prosecute such appeal to effect, and answer all damages and costs if he fail to make his plea good, then the above obligation to be void, else to remain in full force and effect." [Signed] ——.

No supersedeas was issued or allowed after the execution of said bond, and the said Crider failed to prosecute his appeal. The plaintiffs thereupon filed a transcript of the said judgment in the supreme court of the United States, and thereupon had said appeal dismissed.

The question for consideration is whether said bond has any force or effect whatever, or whether it can afford any ground for an action in this or any other court. Section 691, Rev. St. U. S., is as follows:

"All final judgments of any circuit court, or of any district court acting as a circuit court, in civil actions brought there by original process or removed there from courts of the several states, and all final judgments of any circuit court in civil actions removed there from any district court by appeal or writ of error, where the matter in dispute exclusive of costs exceeds the sum or value of two thousand dollars, may be re-examined and reversed or affirmed in the supreme court upon a writ of error."

Section 692 of said Revised Statutes reads as follows:

"An appeal shall be allowed to the supreme court from all final decrees of any circuit court or of any district court acting as a circuit court in cases of equity and admiralty and maritime jurisdiction, where the matter in dispute exclusive of costs exceeds the sum or value of two thousand dollars, and the supreme court is required to receive, hear and determine such appeals."

Section 42 of the Supplement to the Revised Statutes (page 738) reads as follows:

"Appeals and writs of error may be taken and prosecuted from the decisions of the United States court in the Indian Territory to the supreme court of the United States in the same manner and under the same regulations as from the circuit courts of the United States, except as otherwise provided in this act."

So it seems that there was no such thing as an appeal provided for by law from the judgment of the court in the Indian Territory in the case in which this bond was executed, and the inquiry then is whether this bond so executed has any force and effect whatever. In Saltmarsh v. Tuthill, 12 How. 387, where a bond on appeal was taken in a common-law case, instead of writ of error, the supreme court said:

"The appeal did not remove the case, and the writ of error was sued out too late to stay execution. It is immaterial whether it was a mistake of the party, or of the court."

In Bank v. Mixter, 124 U. S. 721, 8 Sup. Ct. 718, the court said:

"No attachment can issue from the circuit court of the United States in an action against a national bank before final judgment in the cause, and if such an attachment is made on mesne process, and it is then dissolved by means of a bond conditioned to plaintiff to pay the judgment which he may recover, given in accordance with the provisions of the law of the state in which the action is brought, the bond is void, and the sureties are under no liability to plaintiff."

No further citation of authorities is deemed necessary to show that this bond had no force and effect, except, possibly, as a bond to secure the costs; and if this bond had been filed within 60 days from the rendition of the judgment, and had actually operated in law as a supersedeas bond, then, under the rules of the supreme court, it would have been a bond to secure the costs. See Hotel Co. v. Kountze, 107 U. S. 378–388, 2 Sup. Ct. 911. But it appears that this bond was not filed within 60 days from the rendition of the judgment, for it seems that the appeal was allowed May 17, 1890, and the bond was not filed until August 31, 1890; and, inasmuch as there was no supersedeas allowed in this case, the plaintiffs in the case in the territorial court could have sued out an execution, and had their remedy against the maker and sureties of the interpleaders' bond, at any time. I am therefore of the opinion that, upon the pleadings in this case, the defendants are entitled to judgment, the finding of facts and law being as stated herein. Let judgment be entered accordingly.