ROBERTS v. KENDRICK.

(Circuit Court of Appeals, Fifth Circuit.    April 15, 1914.)

No. 2598.

In Error to the District Court of the United States for the Northern District of Georgia.
On motion to recall mandate and vacate order.
For former opinion, see 211 Fed. 970.

Before PARDEE and SHELBY, Circuit Judges, and MAXEY, District Judge.

PER CURIAM.    At a former day of this term the following order was entered:

"By the Court: The transcript shows that judgment was rendered on May 10, 1913, a motion for a new trial was overruled and refused July 17, 1913, and thereafter a writ of error was allowed on November 8, 1913, as follows: 'On consideration whereof, the court does allow and grant the writ of error, upon the defendant giving bond and security in the sum of $7,000; and upon the giving of said bond in said sum when it is approved by the court, the judgment herein rendered in favor of the plaintiff against the defendant shall be suspended, and supersedeas will be granted until the determination of said writ of error by the United States Circuit Court of Appeals for the Fifth Circuit.' The defendant in error on due notice moves to dissolve the supersedeas so granted, on the ground that the writ of error was not sued out and lodged in the court below within 60 days from the date of the judgment, and we are satisfied that the same should be granted upon the authority of Kitchen v. Randolph, 93 U. S. 86, 92, 23 L. Ed. 810; Sage v. Central R. R. Co., 93 U. S. 417, 23 L. Ed. 933; Title Guaranty Co. v. United States, 222 U. S. 401, 32 Sup. Ct. 168, 56 L. Ed. 248. It is therefore ordered and adjudged that the supersedeas granted in this case on November 8, 1913, be and the same is hereby vacated and annulled. Mandate to that effect may issue."

The plaintiff in error on due notice now moves the court to recall the mandate and vacate the foregoing order on the ground that the counsel for the defendant in error consented to the supersedeas and thereby and in further agreeing to the amount of the bond therefor the defendant in error was estopped from moving in this court to dismiss the supersedeas. Affidavits in support and against the present motion are submitted. It appears therefrom that the consent claimed was verbal and was given after the 60 days had elapsed, and besides affidavit of counsel for defendant in error denies the same.

Under the authorities cited in the order vacating the supersedeas after the lapse of 60 days the judge of the District Court was without authority to grant the supersedeas. If one was granted by consent of parties, it was not a legal supersedeas, and the bond given might be good as a common-law obligation; but as a legal bond and against the surety it would not be good, except as a cost bond. See Steele v. Crider (C. C.) 61 Fed. 484. On the showing made on this hearing, we find neither the consent claimed nor any estoppel.

Motion denied.