31 U.S. 774 (____)
6 Pet. 774
EX PARTE MARTHA BRADSTREET,
IN THE MATTER OF MARTHA BRADSTREET, DEMANDANT
v.
APOLLOS COOPER ET AL. TENANTS.[*]
Supreme Court of United States.

MR JONES, of counsel for the demandant in the above named cases, moved the court for a rule to be granted, to be served on the district judge of the district court of the United States for the northern district of New York, commanding him to be and appear before this court, either in person or by an *775 attorney of this court on the first day of the next January term of this court, to wit, on the second Monday of January, anno domini 1833, to show cause, if any he have, why a mandamus should not be awarded to the said district judge of the northern district of New York, commanding him,
1. To reinstate, and proceed to try and adjudge, according to the law and right of the case, the several writs of right and the mises thereon joined, lately pending in said court, and said to have been dismissed by order of said court, between Martha Bradstreet, demandant, and Apollos Cooper et al. tenants.
2. Requiring said court to admit such amendments in the form of pleading, or such evidence as may be necessary to aver or to ascertain the jurisdiction of said court in the several suits aforesaid.
3. Or if sufficient cause should be shown by the said judge on the return of this rule, or should otherwise appear to this court, against a writ of mandamus requiring the matters and things aforesaid to be done by the said judge, then to show cause why a writ of mandamus should not issue from this court, requiring the said judge to direct and cause full records of the judgments or orders of dismission in the several suits aforesaid, and of the processes of the same to be duly made up and filed, so as to enable this court to re-examine and decide the grounds and merits of such judgments or orders upon writs of error, such records showing upon the face of each what judgments or final orders dismissing, or otherwise definitively disposing of said suits, were rendered by the said district court, at whose instance, upon what grounds, and what exceptions or objections were reserved or taken by said demandant, or on her behalf, to the judgments or decisions of the said district court in the premises, or to the motions whereon such judgments or decisions were found; and what motion or motions, application or applications, were made to said court by the demandant, or on her behalf; and either granted or overruled by said district court, both before and after said judgments or decisions dismissing or otherwise finally disposing of said suits; especially what motions or applications were made by said demandant or on her behalf to said district court, to be admitted to amend her counts in the said suits, or to produce evidence *776 to establish the value of the lands, &c. demanded in such counts, together with all the papers filed, and proceedings had in said suits respectively.
On consideration whereof, it is now here considered and ordered by this court, that the rule prayed for be, and the same is hereby granted, returnable to the first day of the next January term of this court, to wit, on the second Monday of January, in the year of our Lord one thousand eight hundred and thirty-three. Per Mr Chief Justice Marshall.
NOTES
[*] July 20, 1832.

Sir  I take the liberty to inclose a copy of the clerk's entry of the case "Ex parte Martha Bradstreet," and to ask if you dissented from the order of the count in the case.
I shall be obliged by the return of the paper.
 I am your obedient servant,
 RICHARD PETERS, Reporter, &c.
Mr JUSTICE BALDWIN.
 Philadelphia, 21st July 1832.
Sir  In the case Ex parte Bradstreet v. Cooper et al., on the motion by Mr Jones for a mandamus to the district court of the northern district of New York, I dissented from the order of the court in the following respects.
1. In ordering the suits to be reinstated.
2. Requiring the court to permit amendments to be made.
The ground of my dissent was, that a mandamus was not a proper remedy, that the dismission of a suit for want of jurisdiction was a final judgment, on which a writ of error could be brought; but that the supreme court had no power to issue a mandamus in such a case, the judgment being strictly a judicial act, and that though an appellate court could direct amendments, it could only do so when a case was before them by writ of error or appeal.
It was stated in the affidavit that the court had actually rendered a judgment of dismission for the want of jurisdiction, but that there was no entry of it on the record, and that the judge had neglected or refused an application to direct it to be done. I had no doubt that this was a proper case for a rule to show cause why a mandamus should not issue directing the entry of such judgment as had been rendered by the court, so as to give the plaintiff the benefit of a writ of error. My opinion was confined to this subject matter.
The order of the court, of which you inclosed me a copy in your note of to-day, which is herewith returned, was not shown to me at the time it was made; and until to-day I was not aware of its extent on the last point, embracing matters not taken into consideration by me.
 Yours, &c.
 HENRY BALDWIN.
RICHARD PETERS, Esquire,
Reporter of Supreme Court