SMITH HOGAN, ARTHUR S. HOGAN, AND REUBEN Y. REYNOLDS, PLAINTIFFS IN ERROR, *v.* AARON ROSS, WHO SUES FOR THE USE OF ROBERT PATTERSON.

Where a case was dismissed by this court for want of a citation, and the plaintiff in error sued out another writ, and applied to this court for a supersedeas to stay execution in the court below, the application cannot be granted.

This court is not authorized to grant a supersedeas unless the writ of error has been sued out within ten days after the rendition of the judgment, and in conformity with the provisions of the twenty-third section of the act of 1789.

The cases of Stockton and Moore *v.* Bishop (2 Howard, 74) and Hardeman *v.* Anderson (4 Howard, 640) explained.

THIS case was pending under a writ of error issued to the District Court of the United States for the Northern District of Mississippi.

The following motion and affidavit were filed by the counsel for the plaintiffs in error, viz.: —

" This case was depending before this court at its last term upon a writ of error, operating as a supersedeas, and was then dismissed because the record did not show that a citation had been issued and served on the defendant in error. Since the last term of this court, the plaintiffs have sued out another writ of error, executed another bond, filed a complete record of the

case, &c., but they are exposed to execution on the judgment in the court below; they therefore move the court for a supersedeas to stay all further proceedings on the judgment below.

" W. S. FEATHERSTON,

R. DAVIS,

*Attorneys for Plaintiffs in error.*"

" Personally appeared before me, Wm. T. Carroll, Clerk of the Supreme Court of the United States, Winfield S. Featherston, who, being duly sworn, says that he is informed by R. Davis, of counsel for Smith Hogan et al. in the court below, that an execution has been issued on the judgment in this case, now before this court for revision and correction, from the District Court of the United States for the Northern District of Mississippi. That said execution is now in the hands of the marshal for the said Northern District of Mississippi, to be levied on the property of said Smith Hogan et al. and returned to the next June term of said District Court. This affiant further states, that he believes said information to be true.

" Sworn to in open court, this 11th February, 1851.

" WM. THOS. CARROLL."

Mr. Chief Justice TANEY delivered the opinion of the court.

A motion has been made in this case for a supersedeas to stay execution upon a judgment rendered in the District Court of the United States for the Northern District of Mississippi.

The judgment was rendered in December, 1847, and a bond was filed, and a writ of error lodged in the clerk's office, within ten days after the judgment; and the record was filed and the case docketed in this court near the close of December term, 1848. But no citation appeared to have been issued for the defendant in error; and upon that ground the writ was dismissed at December term, 1849. The act of Congress makes the citation necessary in order to remove a case to this court by writ of error.

In October, 1850, after that writ was dismissed, the plaintiff sued out and lodged in the clerk's office of the District Court another writ, returnable to the present term of this court, and gave another bond, and served a citation on the defendant in error to appear; and filed the record and docketed the case in this court. And it appearing by an affidavit filed that an execution has been issued by the defendant in error upon the judgment in the District Court, this motion is made to stay proceedings upon it, while the writ of error is pending in this court.

Upon the dismissal of the first writ of error, it ceased to be

a supersedeas, and the party who obtained the judgment in the District Court was undoubtedly at liberty to enforce it by execution, unless he is stayed by the second writ of error now pending. And the question presented by this motion is whether this writ is also a supersedeas. We think it is not. The act of 1789, ch. 20, § 23, in express terms declares that a writ of error shall be a supersedeas in those cases only where the writ is served by a copy thereof being lodged for the adverse party in the clerk's office where the record remains, within ten days, Sundays exclusive, after rendering the judgment. The writ before us was not issued or lodged in the clerk's office for nearly two years after the judgment in the District Court. It cannot, therefore, operate as a supersedeas.

The cases relied on in support of the motion stand on different grounds. In Stockton and Moore *v.* Bishop, 2 Howard, 74, the bond was given and the writ of error filed and the citation issued within ten days after the judgment. The act of Congress, therefore, made it a supersedeas. And when the court in that case say that these proceedings were in due season, they are speaking of the time of filing them, by which they become a supersedeas by the act of Congress; and not of the time within which a writ of error may be brought to correct the errors in the judgment.

In the case of Hardeman *v.* Anderson, 4 Howard, 640, the original judgment, it is true, was rendered in 1839. But upon referring to the record, it appears that a controversy arose in the proceedings on the execution, which were continued from time to time until May 20th, 1844. On that day a judgment, or an order that was regarded as a judgment, was entered, to which an exception was taken; and it was upon this judgment or order that the first writ of error was sued out. The bond, writ, and citation were all within ten days from this last judgment. And the case was docketed and dismissed at the succeeding term (December, 1844), not on account of any irregularity or omission in these proceedings, but because the record had not been filed in this court.

In May, 1845, after this writ had been dismissed, the plaintiff sued out another writ of error, and gave bond, and regularly cited the defendant in error to appear; and filed the record and docketed the case at the beginning of December term, 1845. And the court being satisfied from the testimony offered that the omission to file the record at the preceding term arose from the neglect of the clerk of the District Court, and that the plaintiff was in no fault, it undoubtedly had the power to reinstate the case; and when reinstated it would stand in this court upon the first writ of error, and not upon the second.

The proceedings in relation to that writ were in due time, and when docketed in this court it stayed execution, by force of the act of Congress, while the case was here pending. And it was in this view of the case, that the court deemed it their duty to enforce the stay by awarding a supersedeas. It was upon this ground that the writ was issued, and not under the removal by the second writ of error; nor was it issued under the fourteenth section of the act of 1789, as would seem to have been the case, from some mistake or oversight in framing the orders and entries. For the court is unanimously of opinion, that, in the exercise of their appellate power, they are not authorized to award a supersedeas to stay proceedings on the judgment of the inferior court, upon the ground that a writ of error is pending, unless the writ was sued out within ten days after the judgment, and in conformity with the provisions of the twenty-third section of the act of 1789. And if the case of Hardeman v. Anderson had been considered as pending here by force of the second writ of error, no supersedeas could lawfully have been issued.

The case now before us was not brought up by the first writ for want of the citation. There is no ground, therefore, for reinstating the case in this court upon that writ. And the second writ, by which alone it has been brought here, and by virtue of which it is now pending, was not sued out in time to operate as a supersedeas; and this court have not the power to award one.

The motion must, therefore, be overruled.

### Order.

On consideration of the motion made by Mr. Featherston for a writ of supersedeas in this cause, and the arguments of counsel thereupon had, as well against as in support thereof, it is now here ordered by the court, that the said motion be, and the same is hereby, overruled.