53 U.S. 387
 12 How. 387
 13 L.Ed. 1034
 ALANSON SALTMARSH
v.
JAMES W. TUTHILL.
 December Term, 1851
 
 A MOTION was made for a mandamus in this case, to compel the district judge to set aside an order of supersedeas and to order the clerk to issue an execution.
 The circumstances were these:——
 At the fall term, 1849, of the District Court of the United States for the Middle District of Alabama, Tuthill obtained a judgment against Saltmarsh in a common-law case.
 Saltmarsh took an appeal in open court, and at the same time executed an appeal-bond, in a penalty of double the amount of the judgment.
 After the expiration of ten days, Tuthill caused execution to be issued on the judgment. Before the return of this writ, Saltmarsh sued out a writ of error, and filed a writ of error bond.
 At the return term of the execution, viz., May, 1850, Saltmarsh moved the court to quash the execution and to supersede the judgment. Both motions were granted. The execution was quashed, and it was further considered and ordered by the court, that a writ of supersedeas be, and the same is hereby, awarded, commanding the clerk of the District Court of the United States for the Middle District of Alabama not to issue execution, or any other process, on said judgment rendered at the December term of this court, in the year of our Lord one thousand eight hundred and forty-nine, while the writ of error to the Supreme Court of the United States is pending, nor until a decision is had thereon. And also to command the marshal of the United States for the district aforesaid, that from every and all proceedings on execution, or in anywise molesting the plaintiff in error on account of the said judgment, he entirely surcease, the same being superseded.
 The writ of error having brought the case up to this court, a motion was made by Mr. Pryor and Mr. Seward for a mandamus to compel the district judge to set aside the order of supersedeas, and to order the clerk to issue an execution.
 1. The order was void for the want of jurisdiction in the court. There was no subject-matter in controversy of which the court could take jurisdiction, to hear and determine. Judiciary Act, 1789, ch. 20, §§ 22, 23; Act regulating appeals, 1803, ch. 40, § 2; Wiscart v. Dauchey, 3 Dall., 327; Murdock ex parte, 7 Pick. (Mass.), 303, 321; Wetherbee v. Johnson, 14 Mass., 412, 420; Livingston v. Jefferson, 1 Brock., 203, 211; The San Pedro, 2 Wheat., 132, 141; Sarchet v. United States, 12 Pet., 143, 144; Parish v. Ellis, 16 Id., 451, 452, 453, 454; United States v. Wouson, 1 Gall., 4, 10, 11; Villabolo v. United Stated, 6 How., 81, 90, 91; United States v. Currey, Id., 106, 112, 113; Hudson v. Guertier, 7 Cranch, 1; The Avery, 2 Gall., 386, 389; Jackson v. Ashton, 10 Pet., 480, 481; ex parte Crenshaw, 15 Id., 119, 123; Cameron v. McRoberts, 3 Wheat., 591, 593; Griffith v. Frazier, 8 Cranch, 9, 10; Patterson v. United States, 2 Wheat., 221, 225, 226; Hickey v. Stewart, 3 How., 750, 762; United States v. Moore, 3 Cranch, 159, 172, 173; Durousseau v. United States, 6 Id., 307, 313, 314; United States v. Goodwin, 7 Id., 108; ex parte Kearney, 7 Wheat., 38, 42; ex parte Watkins, 3 Pet., 193, 201; United States v. Nourse, 6 Id., 470, 493, 494, 495, 496, 497; Wood v. Lide, 4 Cranch, 180; Hogan v. Ross, 11 How., 294.
 2. But if the court did have jurisdiction, then the jurisdiction was improvidently exercised, and this court ought to issue the mandamus. This court has a general superintending control over inferior courts of the United States, and may issue such process as is necessary to enable it to make this control effectual. Judiciary Act, 1789, ch. 20, §§ 13, 14; McIntire v. Wood, 7 Cranch, 504; McClung v. Silliman, 6 Wheat., 368; ex parte Crane, 5 Pet., 190; Life & F. Ins. Co. v. Wilson, 8 Id., 291, 306; Marbury v. Madison, 1 Cranch, 137; ex parte Bradstreet, 6 Pet., 774.
 Mr. Campbell in opposition to the motion.
 The 23d section of the Judiciary Act (1 Stat. at L., 85), does not take away the power which existed in the courts to grant a supersedeas upon the allowance of a writ of error. Tidd Pr., 1070, et seq.; 1 Arch. Pr., 517, et seq.; 10 Wend. (N. Y.), 624; 7 Hill (N. Y.), 162; 3 How., 405; 2 Miles (Pa.), 108.
 The remedy by mandamus is not proper. Tillinghast & Yates's Treatise, 449.
 The remedy open to the plaintiff is a writ of error. 6 Pet., 648; 1 Bibb (Ky.), 346; 1 Stew. & P. (Ala.), 187; 9 Port. (Ala.), 275.
 Mr. Chief Justice TANEY delivered the opinion of the court.
 
 
 1
 The judgment in this case being in a common-law proceeding, it was not removed to this court by the appeal; and, consequently, the appeal-bond did not operate as a supersedeas.
 
 
 2
 The writ of error afterwards sued out, has brought the case regularly before this court. But as it was not sued out within ten days after the rendition of the judgment, the writ of errorbond does not stay the execution under the act of 1789.
 
 
 3
 Nor is there any equitable power in the Circuit Court to stay the execution, upon the ground that a mistake as to the manner or time of removing the case was committed. And it is immaterial in this respect whether it was the mistake of the party or the court. For this court has never deemed the tribunals of the United States authorized to dispense with the express provisions of the acts of Congress regulating appeals and writs of error, upon any equitable ground. No such power is given to them by law. It was so decided in this court in United States v. Curry and others, 6 How., 113; and Hogan and others v. Ross, 11 Id., 297. The Circuit Court therefore erred in setting aside the execution which the plaintiff had issued on the judgment.
 
 
 4
 But we do not think it necessary at this time to determine whether this court has the power to issue the mandamus, requiring the Circuit Court to issue the execution. Because we are satisfied from the facts before us, that the Circuit Court, without any coercive process, will conform to the opinion of this court, and issue execution when informed of this decision.
 
 
 5
 The question, therefore, as to the power of this court to issue the mandamus, is, for the present, reserved.
 
 
 
 [1]
 See note to Stockton v. Bishop, 2 How., 74.
 
 
 [2]
 See also Slaughter House Cases, 10 Wall., 292; French v. Shoemaker, 12 Id., 100; Brown v. Evans, 8 Sawy., 504.