## Kitchen *v.* Randolph.

Unless an appeal is perfected, or a writ of error sued out and served within sixty days, Sundays exclusive, after the rendition of the decree or judgment complained of, it is not within the power of a justice of this court to allow a *supersedeas*.

On motion to vacate a *supersedeas*.

·This is a motion by the appellee to vacate and set aside an order made by an associate justice of this court, granting the petition of the appellant for a *supersedeas* directing a stay of all proceedings, under a decree of the Circuit Court of the United States for the Eastern District of Pennsylvania, foreclosing a mortgage on property of the Wilmington and Reading Railroad Company, and ordering a sale of the same.

The bill for the foreclosure and sale was filed by Randolph, as holder of coupon-bonds of that company, secured by a certain deed of trust and mortgage against the company, the trustees named in the deed and two other junior mortgages, and the Baltimore, Philadelphia, and New York Railroad Company, as original defendants.

Subsequently, Kitchen, a bondholder under a junior mortgage of the Wilmington and Reading Railroad Company, was allowed to intervene as a defendant and file an answer.

The case was heard on the bill, the answers of the original defendants, and that of Kitchen ; and, on the 6th of June, 1876, the court below entered a decree foreclosing the mortgage as against certain of the property and franchises covered by it, and ordering a sale by the trustees, after due advertisements for three months prior to the day of sale.

The sale was accordingly fixed by due advertisements, as prescribed by the decree, for the 2d of October, 1876.

No appeal from this decree, or any part of it, was prayed in the court below by any of the defendants ; but, on the 29th of September, 1876, the appellant filed his petition for the allowance of an appeal and for a *supersedeas*, both of which were allowed on that day by the associate justice, and a citation addressed to the complainant below, returnable on the first day of the present term of this court, was issued.

The motion was argued by *Mr. J. Hubley Ashton* for the appellee, and by *Mr. Samuel Dickson* and *Mr. Wayne MacVeagh* for the appellant.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

The only question presented by this motion is as to the power of a justice of this court to allow a *supersedeas* in cases where an appeal was not taken or a writ of error sued out and served within sixty days, Sundays exclusive, after the rendition of the decree or judgment complained of.

The Judiciary Act of 1789 (1 Stat. 84, sect. 22) made provision for a review by this court of judgments and decrees in civil actions and suits in equity in the circuit courts upon writs of error accompanied by a citation to the adverse party, " signed by a judge of such circuit court or justice of the Supreme Court." By the same section it was further provided, that " every justice or judge, signing a citation on any writ of error as aforesaid, shall take good and sufficient security, that the plaintiff in error shall prosecute his writ to effect, and answer all damages and costs if he fail to make his plea good."

The citation was essential to the validity of the writ, and without it the writ would be quashed. *Lloyd* v. *Alexander*, 1 Cranch, 365. The writ brought up the record, and the citation the parties. *Cohens* v. *Virginia*, 6 Wheat. 410; *Atherton* v. *Fowler*, 91 U. S. 146. As the security was to be given when the citation was signed, there could be no valid writ without the security.

At common law, a writ of error was a *supersedeas* by implication. Bac. Abr., tit. *Supersedeas*, D, 4. To avoid the effect of this rule, the act of 1789 (1 Stat. 85, sect. 23) provided that a writ of error " shall be a *supersedeas*, and stay execution in cases only where the writ of error is served, by a copy thereof being lodged for the adverse party in the clerk's office where the record remains, within ten days, Sundays exclusive, after rendering the judgment or passing the decree complained of;" and in cases where a writ of error might be a *supersedeas* no execution could issue for ten days.

Under this section it was held, in *Hogan* v. *Ross*, 11 How. 297, that there was no authority "to award a *supersedeas* to stay proceedings on the judgment of an inferior court upon the ground that a writ of error is pending, unless the writ was sued out within ten days after judgment and in conformity with the provisions of the" act; and in *Railroad Co.* v. *Harris*, 7 Wall. 575, that the effect of the writ as a *supersedeas* "depends upon compliance with the conditions imposed by the act," and that "we cannot dispense with that compliance in respect to lodging a copy for the adverse party."

The stay of proceedings followed as a matter of right from the issue and service of the writ of error, in the manner and within the time prescribed by the act. No special directions as to the security were necessary, because, under the law as it originally stood, security must be given in all cases when the writ was issued, that the plaintiff in error would prosecute his writ to effect, and answer all damages and costs if he failed to make his plea good. It soon became manifest, however, that, in cases where there was to be no *supersedeas*, security to this extent was unnecessary; and, consequently, in 1794, it was enacted (1 Stat. 404) "that the security to be required and taken on the signing of a citation on any writ of error, which shall not be a *supersedeas* and stay execution, shall be only to such an amount as, in the opinion of the justice or judge taking the same, shall be sufficient to answer all such costs as, upon an affirmance of the judgment or decree, may be adjudged or decreed to the respondent in error." After this the form of the security became material, and the *supersedeas* was made to depend upon the condition of the bond executed at the time of the signing of the citation, as well as upon the prompt issue and service of the writ. *Rubber Co.* v. *Goodyear*, 6 Wall. 156; *Slaughter-house Cases*, 10 Wall. 289, 291.

In 1803 appeals were granted in cases of equity and of admiralty and maritime jurisdiction, and made "subject to the same rules, regulations, and restrictions as are prescribed in law in case of writs of error." 2 Stat. 244, sect. 2. It has accordingly been held that an appeal to operate as a *supersedeas* must be perfected and the security given within ten days after the rendition of the decree. *Adams* v. *Law*, 16 How. 148; *Hudg-*

*kins* v. *Kemp*, 18 id. 535; *French* v. *Shoemaker*, 12 Wall. 100; *Bigler* v. *Walker*, id. 149. The allowance of the appeal is the equivalent of the writ of error.

It thus appears that, under the statutes which regulated the early practice, a *supersedeas* could not be obtained except by prompt action and strict compliance with all the requirements of the law. Parties were, however, not unfrequently put to serious inconvenience by so stringent a rule; and, to avoid this, it was enacted in 1872 (17 Stat. 198, sect. 11) " that any party or person desiring to have any judgment, decree, or order of any district or circuit court reviewed on writ of error or appeal, and to stay proceedings thereon during the pendency of such writ of error or appeal, may give the security required by law therefor within sixty days after the rendition of such judgment, decree, or order, or afterward, with the permission of a justice or judge of the appellate court." In *Telegraph Company* v. *Eyser*, 19 Wall. 419, we held, in reference to this statute, that where an appeal was taken and the requisite security given after the expiration of ten days, but within sixty, a *supersedeas* followed as a matter of right. In the course of the opinion in that case it was said : " It is expressly declared that the *supersedeas* bond may be executed within sixty days after the rendition of the judgment, and later, with the permission of the designated judge. It is not said when the writ of error shall be served. Its issuance must, of course, precede the execution of the bond; and, as the judge who signs the citation is still required to take the bond, we think it is sufficiently implied that it may be served at any time before, or simultaneously with, the filing of the bond. Indeed, the giving of the bond alone is made the condition of the stay. The section is silent as to the writ. . . . The execution, approval, and filing of the bond are substantial. The filing of the writ is matter of form." In *Board of Commissioners* v. *Gorman*, 19 Wall. 661, decided at the same term, we further held, that execution might issue after the expiration of ten days, if a *supersedeas* had not been obtained; but, if one should issue, and a *supersedeas* be thereafter perfected, that would only operate to stay further proceedings under the execution, and could not interfere with what had already been done.

In this condition of the law the Revised Statutes were adopted, and sect. 1007 is as follows: —

"In any case where a writ of error may be a *supersedeas*, the defendant may obtain such *supersedeas* by serving the writ of error, by lodging a copy thereof for the adverse party in the clerk's office where the record remains, within sixty days, Sundays exclusive, after the rendering of the judgment complained of, and giving the security required by law on the issuing of the citation. But if he desires to stay process on the judgment, he may, having served his writ of error as aforesaid, give the security required by law within sixty days after the rendition of such judgment, or afterward, with the permission of a justice or judge of the appellate court. And in such cases where a writ of error may be a *supersed as*, execution shall not issue until the expiration of the said term of sixty days."

At the next session of Congress, an amendment to this section was passed, limiting the time for withholding execution to ten days. 18 Stat. 318. By sect. 1012, Rev. Stat., that part of the act of 1803 (2 Stat. 244) which placed appeals on the same footing as writs of error was re-enacted, and, by sect. 1000, provision was made for security for costs only in cases where no *supersedeas* was desired, thus reproducing the old law on that subject.

It is evident that Congress intended in this revision to change to some extent the law of 1872. The fair inference from the opinion in *Telegraph Company v. Eyser*, is, that as that law " was silent as to the writ," and " it was not said when it must be served," a *supersedeas* could be obtained by the execution, approval, and filing of the necessary security, even though the writ of error should not be served or the appeal taken until after the expiration of sixty days. In this way the old rule requiring promptness of action to obtain a stay of proceedings was substantially abandoned. A justice or judge could, in his discretion, grant the stay at any time, if the writ should be issued and served within the two years allowed for that purpose.

The revised section is *not* " silent as to the writ," and it *is* " said when it must be served." If a *supersedeas* is asked for when the writ is obtained, the writ must be sued out and served within the sixty days, and the requisite bond executed when the

citation is signed.    The policy of the old law is thus restored, the only modification being in the extension of time allowed for action.    Sixty days are given instead of ten.

. Had the section stopped here, a plaintiff in error or appellant would have been compelled to elect, when he sued out his writ of error, or took his appeal, whether he would have a *supersedeas* or not; because it is made one of the conditions of the stay of proceedings that the requisite security shall be given upon the issuing of the citation.    Having once made his election, he would be concluded by what he had done.    But Congress, foreseeing undoubtedly that cases might arise in which serious loss would result from such a rule, went further, and, in a subsequent part of the section, provided, that if a writ of error had been served, as required in the first paragraph, a stay might be had as a matter of right by giving the required security within sixty days, and afterwards, as a matter of favor, if permission could be obtained from the designated justice or judge.    Thus prompt action in respect to the writ was required, and indulgence granted only as to the security.

It is contended, however, that the words "having served his writ of error as aforesaid," as used in this part of the section, have reference to the manner of service alone; that is to say, by lodging a copy thereof for the adverse party in the clerk's office, where the record remains, and not to the time, sixty days.    But time is one of the necessary ingredients in the prescribed service to secure a *supersedeas* under the provisions of the first part of the section.    It cannot be dispensed with there any more than it could have been under the act of 1789; and under that act, as has been seen, it was essential.    In fact, it was the one thing upon which, more than all others, the relief sought for depended. Service "as aforesaid" must, therefore, mean such a service as would have perfected the stay, if the proper security had been given.    Relief is extended only in respect to the security.

What afterwards occurred is equally indicative of the intention of Congress.    As the section originally stood, no execution could issue, when the writ of error might be a *supersedeas* until the expiration of sixty days, the time allowed for perfecting a *supersedeas* without leave.    If the writ had been issued and served without the security required for a *supersedeas*,

execution must still be withheld until the time had elapsed within which the further security might be given as a matter of right. This changed the law from what we held it to be in *Commissioners* v. *Gorman*, and at once, upon the discovery of the effect of what had been done, the amendment was adopted limiting the time to ten days, as it originally stood. Nothing was done, however, towards adapting the section as revised to the liberal construction of the act of 1872, indicated in *Telegraph Company* v. *Eyser*.

We are, therefore, of the opinion, that, under the law as it now stands, the service of a writ of error, or the perfection of an appeal within sixty days, Sundays exclusive, after the rendering of the judgment or the passing of the decree complained of, is an indispensable prerequisite to a *supersedeas*, and that it is not within the power of a justice or judge of the appellate court to grant a stay of process on the judgment or decree, if this has not been done.

The appeal was taken in this case after the expiration of sixty days, and the motion to vacate the *supersedeas* must for that reason be granted.                  *Motion granted.*