## NEW ENGLAND R. CO. v. HYDE.

(Circuit Court of Appeals, First Circuit. April 6, 1900.)

Nos. 322, 323.

1. APPEAL AND ERROR—SUPERSEDEAS.
   Neither a circuit court, nor a judge thereof, has power to allow a supersedeas pending a review of its judgment on writ of error after the expiration of 60 days from the date of such judgment.

2. SAME.
   A circuit court of appeals cannot, as an exercise of its general powers under Rev. St. § 716, allow a supersedeas, where a plaintiff in error has failed to bring himself within the provisions of section 1007 by filing the writ of error and bond within 60 days from the entry of the judgment complained of.

In Error to the Circuit Court of the United States for the District of Massachusetts.

Petition by the New England Railroad Company for a writ of mandamus to the United States circuit court, and motion for a supersedeas by the New England Railroad Company, defendant in an action brought against it by Ruth E. Hyde, by her next friend, in which judgment has been entered.

Charles F. Choate, Jr. (Frank A. Farnham, on the brief), for petitioner, and for the motion.

Daniel G. Perkins, opposed.

Before COLT, Circuit Judge, and ALDRICH and BROWN, District Judges.

BROWN, District Judge. The motion of the plaintiff in error to this court in No. 323, for a supersedeas, and its petition in No. 322, for a mandamus to the circuit court to compel the granting of supersedeas, may be considered together.

The writ of error was not allowed or served within 60 days after the entry of judgment in the circuit court. It did not, therefore, operate as a supersedeas, since there was a failure to comply with the provisions of section 1007 of the Revised Statutes of the United States. Though a bond was filed within 60 days after judgment, it was not presented for approval, and was not approved, within that time, nor has it since been approved. After the expiration of 60 days, application was made to the circuit judge for approval of the bond, and for an order superseding the judgment, whereupon the following order was entered: "Denied, because at the present time neither the circuit court, nor any judge thereof, has power to allow a supersedeas." We think it clear that this ruling was correct. Kitchen v. Randolph, 93 U. S. 86, 23 L. Ed. 810; Sage v. Railroad Co., 93 U. S. 417, 23 L. Ed. 933. It follows that the petition for mandamus is without substantial merit, even if we disregard the fact that it was filed before the entry of the writ of error in this court.

After the expiration of 60 days, and within 6 months from the date of judgment, a writ of error was properly issued and served, and there is now pending in this court a proceeding for a review of the judgment of the circuit court. The defendant below, now plaintiff in error, in support of the motion to this court for a supersedeas, contends that, as a writ of error may be sued out lawfully at any time within 6 months, and as by section 1007 of the Revised Statutes the writ of error itself operates as a supersedeas only when served within 60 days, there must be power in the appellate court to grant supersedeas upon writs of error sued out after 60 days, and within 6 months; for otherwise, it is urged, the right of review which exists after the expiration of 60 days may be a mere barren right; for if the judgment be paid, without security for its repayment, there is danger that the amount cannot be recovered in the event of a reversal of the judgment. It is contended, therefore, that, in order to preserve the substance of a right to proceed by writ of error after 60 days, the appellate court should interpose, and relieve the plaintiff in error from the necessity of paying a judgment before a final decision as to its validity. The plaintiff in error contends that congress intended to permit executions to be superseded in two ways—First, under section 1007; and, secondly, under the general powers conferred upon this court by sections 11 and 12 of the act of March 3, 1891, establishing United States circuit courts of appeals; and by section 716 of the Revised Statutes of the United States. It is true that in many cases the supreme court has declared

and exercised its power to grant a supersedeas under proper conditions. Hardeman v. Anderson, 4 How. 640, 11 L. Ed. 1138; Ex parte Milwaukee R. Co., 5 Wall. 188, 18 L. Ed. 676; In re Claasen, 140 U. S. 200, 207, 11 Sup. Ct. 735, 35 L. Ed. 409; Sage v. Railroad Co., 96 U. S. 712, 24 L. Ed. 641; Peugh v. Davis, 110 U. S. 227, 4 Sup. Ct. 17, 28 L. Ed. 127; Hudson v. Parker, 156 U. S. 277, 283, 15 Sup. Ct. 450, 39 L. Ed. 424; Jerome v. McCarter, 21 Wall. 17, 31, 22 L. Ed. 515. We should have no doubt of the power of this court to grant supersedeas, as an appropriate mode of relieving a petitioner from the consequences of a failure or refusal of the court below to do that which he had properly sought, and which should have been done by the court or judge in furtherance of the appeal. But cases in which the supreme court has granted a supersedeas on the ground that the petitioner was legally entitled thereto, and had been deprived of his legal rights through error of the lower court, are not in point. Our present question is whether the appellate court will grant supersedeas where there has been a failure by the petitioner to take the steps prescribed by statute for giving to the writ of error itself the effect of staying execution, and where there is no fault or error of the court below. Though the exact point decided in Kitchen v. Randolph, 93 U. S. 86, 23 L. Ed. 810, was as to the power of a justice of the supreme court to allow a supersedeas, the opinion contains a valuable historical review of the law pertaining to the general subject, and states that section 1007 of the Revised Statutes expresses the intention of congress to restore the policy of the old law, which had been relaxed by the former statute of 1872 (17 Stat. 198, § 11). The later opinion by the same eminent judge in Sage v. Railroad Co., 93 U. S. 412, 417, 418, 23 L. Ed. 933, states with force the rule of necessity of strict compliance with the statute, and says, "Time is an essential element in the proceeding, and one which neither the court nor the judges can disregard." We think, therefore, that the legal situation presented when this court is urged to grant supersedeas, as an exercise of the general powers enumerated in section 716, Rev. St., by a party who has failed to bring himself within the provisions of section 1007, does not differ from the situation under the former statutes. Under section 14 of the judiciary act of 1789 (1 Stat. 81), the supreme court's powers were similar to those under section 716 of the Revised Statutes. By section 23 of the judiciary act of 1789, it was provided "that a writ of error as aforesaid shall be a supersedeas and stay execution in cases only where the writ of error is served by a copy thereof being lodged for the adverse party in the clerk's office where the record remains, within ten days," etc. No valid distinction can be based upon the words "in cases only," which appear in section 23 of the act of 1789, but not in section 1007, Rev. St. Each of these sections relates to the effect of the writ of error itself as a supersedeas, and neither section in terms imposes any limitation upon the supreme court in the exercise of the general powers conferred by the other sections. The arguments advanced in this case would have been quite as forcible under the previous statutes, and were in fact presented in cases to which hereafter we will refer. There-

fore, should we find that the supreme court, having the broad powers conferred by section 14 of the act of 1789, had refused to grant supersedeas on the ground that congress had especially dealt with the subject in section 23 of that act, its decisions to that effect must be regarded as of controlling force in the present case. Upon an examination, the decisions of the supreme court are found to be conclusive.

In Wallen v. Williams (1812) 7 Cranch, 278, 3 L. Ed. 342, a motion to quash an execution was made directly to the supreme court, when the writ of error was too late to be a supersedeas to the decree. It was said in the opinion denying the motion:

"If this motion should prevail, it will make the writ of error operate as a supersedeas, contrary to the intention of the act of congress."

In Hogan v. Ross, 11 How. 294, 13 L. Ed. 702, on a like motion to the supreme court, it was said:

"For the court is unanimously of the opinion that, in the exercise of their appellate power, they are not authorized to award a supersedeas to stay proceedings on the judgment of the inferior court, upon the ground that a writ of error is pending, unless the writ was sued out within ten days after the judgment, and in conformity with the provisions of the twenty-third section of the act of 1789."·

In Railroad Co. v. Harris, 7 Wall. 574, 19 L. Ed. 100, as in the present case, there was pending in the appellate court a writ of error, which did not itself operate as a supersedeas, and motion was made, to. that court for a supersedeas; yet it was held that the provisions of section 23 of the judiciary act were controlling, and compliance therewith indispensable.

In Saltmarsh v. Tuthill, 12 How. 389, 13 L. Ed. 1035, Chief Justice Taney said:

"This court has never deemed the tribunals of the United States authorized to dispense with the express provisions of the acts of congress regulating appeals and writs of error on any equitable ground. No such power is given them by law. It was so decided in this court in U. S. v. Curry, 6 How. 113, 12 L. Ed. 363, and Hogan v. Ross, 11 How. 297, 13 L. Ed. 702."

An examination of the arguments of counsel in that case will show that it was argued there, as here, that the specific directions of the law as to writs of error did not take away the general powers of courts to grant a supersedeas upon the allowance of a writ of error.

The case of U. S. v. Curry, 6 How. 113, 12 L. Ed. 363, referred to by Chief Justice Taney, states the general principle which seems to have been uniformly applied in applications of this character:

"But this court does not feel itself authorized to treat the directions of an act of congress as it might treat a technical difficulty growing out of ancient rules of the common law. The power to hear and determine a case like this is conferred upon the court by acts of congress, and the same authority which gives the jurisdiction has pointed out the manner in which the case shall be brought before us; and we have no power to dispense with any of these provisions, nor to change or modify them. And if the mode prescribed for removing cases by writ of error or appeal be too strict and technical, and likely to produce inconvenience or injustice, it is for congress to provide a remedy, by altering the existing laws, not for the court."

See, also, Slaughter-House Cases, 10 Wall. 273, 291, 292, 19 L. Ed. 915; French v. Shoemaker, 12 Wall. 100, 20 L. Ed. 270; Kitchen

v. Randolph, 93 U. S. 86, 23 L. Ed. 810; Sage v. Railroad Co., 93 U. S. 417, 23 L. Ed. 933.

The case of Hudson v. Parker, 156 U. S. 277, 15 Sup. Ct. 450, 39 L. Ed. 424, cited by the plaintiff in error, is not to the point under consideration; for the question there related to the power of a judge, other than the judge who presided below, to sign citation and grant supersedeas, rather than to the question of supersedeas relief by the appellate court after the expiration of the statutory period.

Nor do we find any ground for relief in the fact that the entry of judgment was without the knowledge of the attorney of the plaintiff in error; for if we were to assume (what is probably true) that the practice has been for the judges of the circuit court not to enter judgment except in usual course, unless upon motion or with notice, the petitioner is in no position to get relief on that ground, for the reason that knowledge of the judgment was brought to it within the 60 days, thus affording an opportunity to perfect its rights. The opportunity was acted upon, and, acting with knowledge of the judgment, the petitioner stopped short of doing what was necessary under the provisions of section 1007 of the Revised Statutes. In No. 322, the petition for mandamus is denied, with costs. In No. 323, the motion for supersedeas is denied.