# JOSÉ PEREZ Y FERNANDEZ, Plaintiff,
*v.*
# JOSÉ ANTONIO FERNANDEZ Y PEREZ, Defendant.

OPINION ON MOTION TO VACATE SUPERSEDEAS AND FOR EXECUTION.

1. *Writ of error—supersedœs.*—The service of the writ of error within sixty days from the rendition of the judgment is an indispensable requisite to its operation as a supersedeas. The court has no discretion in the matter.
2. Where a writ of error is not served until eighty-three days after rendition of judgment, no motion to vacate supersedeas is necessary, although bond be properly given; and execution may issue as a matter of right to enforce the judgment.

March 10, 1902.

*Mr. F. H. Dexter,* attorney for plaintiff.

*Messrs. Horton & Cornwell,* attorneys for defendant.

HOLT, Judge, delivered the following opinion:

The defendant, José A. Fernandez, asks the bond tendered by him herein on February 24th, 1902, be approved, and that his writ of error to the United States Supreme Court be held to operate as a supersedeas, suspending the collection of the judgment until the determination of the appeal. The plaintiff moves to vacate the supersedeas sought to be obtained, and for an order granting execution upon the judgment.

Perez y Fernandez v. Fernandez y Perez.

If the writ of error which the defendant has sued out does not operate as a supersedeas, then a motion to vacate is unnecessary.

Section 1007 of the Revised Statutes of the United States (U. S. Comp. Stat. 1901, p. 714) provides that if a defendant desires to stay process upon a judgment he must serve his writ of error by lodging a copy of it in the clerk's office for the adverse party and giving bond within sixty days after the rendition of the judgment, or afterward by permission of a judge of the appellate court. He must do these two things within said time, the only qualification being that, having served his writ of error within the time, he may give the security after the lapse of the sixty days, provided a justice of the appellate court gives leave to do so.

The verdict was returned on December 12th, 1901. The motion for a new trial was overruled, and judgment entered upon the same day. The defendant, by an order, obtained time until January 15th, 1902, to file a bill of exceptions. This was extended until February 1st, 1902, by an order made in chambers on January 13th, 1902, by virtue of a stipulation of the parties. At the same time, upon the defendant's motion, but not by consent, the amount of a supersedeas bond that he proposed to give, was fixed at $10,000.

January 29th, 1902, a stipulation of the parties was filed, agreeing to a further extension of time to file a bill of exceptions, to wit, until February 5th, 1902, and an order to this effect was made in chambers. Upon the last-named date the bill was approved and filed.

February 11th, 1902, a petition for a writ of error was filed and it allowed. An appeal bond in the sum aforesaid was then presented by the defendant; the plaintiff filed written objections to the sufficiency of the sureties, and time was given until Feb-

Perez y Fernandez v. Fernandez y Perez.

ruary 24th, 1902, to show the sufficiency of the same or to give a new bond. Upon the day last named the defendant presented a new bond, and made the motion now under consideration. No writ of error was ever served or lodged in the clerk's office until March 5th, 1902, some eighty-three days after the judgment.

The court is disposed to allow the writ to operate as a supersedeas, but has been unable, after a diligent examination of authorities, to see its way to do so.

The supersedeas is, by a statutory provision and a strict compliance with it, necessary.

The service of the writ of error within sixty days from the rendition of the judgment is an indispensable requisite to its operation as a supersedeas. The court has no discretion in the matter. It is required by the statute. It is a compliance with its provisions that makes the writ so operate. If the necessary steps are taken, the writ becomes *per se* a supersedeas. The latter is an incident of it, if there is a compliance with the provisions of the statute.

The lodging of a copy of the writ in the clerk's office within ten days after the judgment was required by the judiciary act of 1789, in order that the writ might operate as a supersedeas. Baltimore & O. R. Co. v. Harris, 7 Wall. 574, 19 L. ed. 100.

By the act of 1872 the time was extended to sixty days. Kitchen v. Randolph, 93 U. S. 86, 23 L. ed. 810.

The proper justice can give indulgence as to giving the security, but not as to the service of the writ; as to it the party must be prompt. The writ of error removes the case to the appellate court; it is jurisdictional, while the citation notifies the adverse party that it has been done. It is a matter of law whether the writ operates as a supersedeas, and not a matter within the court's discretion. It might, perhaps, make a *nunc pro tunc*

Perez y. Fernandez v. Fernandez y. Perez.

order as to it that would be effective if the delay were owing to action of the court, or had been for its convenience; but this is not the case.

The court has considered if by any stipulation or action of the parties there has been any waiver that would authorize it to sustain the defendant's motion; but none appears.

If the writ is not served nor the bond tendered within the sixty days, a party may, of course, still sue out his writ of error or appeal at any time within the appeal limit of time by giving bond for the costs, but the writ will, in such case, not operate as a supersedeas.

The bond in this case is approved as of February 24th, 1902; but it cannot operate as a supersedeas, and an order to this effect will be entered.