GREENBERG v. LESAMIS et al.

(Second Division.   Nome.   July 24, 1914.)

No. 2349.

1. ·EXECUTION ☞160—PRACTICE—MOTION TO QUASH.·
    Motion to quash execution in equity denied, because in practice and in effect it is an application for a new trial, which has already been denied in this suit.

2. APPEAL AND ERROR ☞478—SUPERSEDEAS—MOTION TO POSTPONE SALE.
    The defendant in an equity suit, after a motion for a new trial was denied, filed a motion to postpone the sale of the premises ordered to be sold by the decree, for one year, or for ten days after the filing the mandate of the appellate court in the trial court.  Motion denied, and *held*, the motion is in effect an effort to secure the benefit of a supersedeas, which the defendants waived by failing to comply with the provisions of the statute requiring the application for the supersedeas to be filed within 60 days after the rendition of the decree.

3. APPEAL AND ERROR ☞458(1)—SUPERSEDEAS.
    The supersedeas is a right secured by statute, and of imperative obligation on the court and its officers.  If the provisions of the statute are complied with the right exists.  If these are not complied with, it cannot exist.  Without such compliance no court can confer it.

J. F. Hobbes, of Nome, and W. A. Gilmore, of Seattle, Wash., for plaintiff.

G. J. Lomen and O. D. Cochran, both of Nome, for defendants.

TUCKER, District Judge.   This is a dual motion (1) to quash the execution and notice of sale in the above-entitled cause and (2) to postpone the sale of the premises or property in the proceedings mentioned from the 29th day of May, 1914, and for one year thereafter, or for ten days after the filing of

the mandate of the Circuit Court of Appeals for the Ninth Circuit, on the appeal taken herein.

As to the first proposition, it appears to the court that counsel for defendants fail to distinguish between a proceeding at law and proceeding in equity. The motion to quash the execution, etc., is substantially to set aside the order of sale and to grant a new trial in the case, all of which was disposed of by the court in its opinion heretofore filed. It is true as contended for, and with reference to Mr. Freeman's work on Executions, that a motion to quash the execution may be made at any time, but this ordinarily contemplates the issuance of an execution and the levying of same in compliance with the statutory provisions and a sale as the result thereof; but this is a suit in equity, and the court has pronounced its judgment in the case, and as a result of that judgment has ordered a sale of certain property. The sale, therefore, is based upon the order of the court, and not upon the execution as provided by the statute, and before the court can now stop the sale it must set aside the order of sale, which, as I have said, it has refused to do in denying the motion for a new trial.

The second part of the motion is to postpone the sale, and is in effect an attempt of the defendants to have the benefit of the writ of supersedeas which they failed to secure within 60 days, etc., after the rendition of the judgment by not complying with section 1007 of the R. S. U. S. (U. S. Comp. St. 1916, § 1666).

The case mainly relied upon by defendants in support of their motion is Bound v. South Carolina (C. C.) 55 Fed. 186; but that was a case in the appellate court, the appeal had been allowed and was pending, and it was decided that the appellate court could postpone a sale till after the hearing and determination of the appeal, although there had been no supersedeas. The sale was postponed for the period of eight months merely to await the determination of the appeal then pending. It may be well to note, however, that the court in that case, at page 188, said:

"It is manifest that, if this postponement is to operate as a supersedeas, it could not be granted."

The case here is essentially and radically different from that of Bound v. South Carolina. This court is now asked to postpone a sale contingent upon an appeal being obtained and for a period of twelve months from the rendition of the judgment.

I have searched in vain for authority or justification for granting the motion to postpone, more so than probably would otherwise have been done, but for the zeal of counsel and the insistence that my predecessor, in consequence of his hasty retirement from office, had inadvertently done the defendants an injustice. But to grant this motion would be to nullify section 1007, R. S. U. S., or tantamount to making a nunc pro tunc order effectual for the purpose of a supersedeas. Such an order would operate as a supersedeas.

In the case of Sage et al. v. Central R. R. Co. et al., 93 U. S. 417, 23 L. Ed. 933 (decided in 1876), the court said:

"A supersedeas is a statutory remedy. It is only obtained by a strict compliance with all the required conditions, none of which can be dispensed with. Hogan v. Ross, 11 How. 297 [13 L. Ed. 702]; Railroad v. Harris, 7 Wall. 575 [19 L. Ed. 100]. Time is an essential element in the proceeding, and one which neither the court, nor the judges, can disregard. If a delay beyond the limited time occurs, the right to the remedy is gone, and the successful party holds his judgment or decree freed and discharged from this means of staying proceedings for its collection or enforcement. This is a right which he has acquired, and of which he cannot be deprived without due process of law. The court can no more give effect to a supersedeas by ordering that the appeal shall relate back to a time within the sixty days than it can to an appeal taken after the expiration of two years, by dating it back to a time within the limitation. To make a nunc pro tunc order effectual for such purposes, it must appear that the delay was the act of the court and not of the parties, and that injustice will not be done."

In the same volume of the Supreme Court Reports (93 U. S. at page 86, 23 L. Ed. 810) in Kitchen v. Randolph, decided in 1876, it was held that it was not in the power of a justice of the Supreme Court to grant a supersedeas on a writ of error or upon an appeal, unless the writ of error was sued out and served or the appeal taken within sixty days, Sundays excluded, after the rendition of the judgment or decree complained of; and in that very case (55 Fed. 188) the court, while granting the motion as above stated, said:

"It is manifest that, if this postponement is to operate as a supersedeas, it could not be granted. The supersedeas is a right secured by statute, and of imperative obligation on the court and its officers. If the provisions of the statute are complied with, the right exists. If these are not complied with, it cannot exist. Without such compliance, no court can confer it."

The opinion of the Supreme Court in Kitchen v. Randolph, supra, containing as it does a valuable historical review of the law pertaining to the general subject on which this motion is based, seems to absolutely preclude this court from granting said motion. That opinion states that section 1007 of the Revised Statutes expresses the intention of Congress to restore the policy of the old law, which had been relaxed by the former statute of 1872, and the later opinion of the same eminent judge in Sage v. Railroad, supra, states with force the rule of necessity of strict compliance with the statute. New England R. Co. v. Hyde, 101 Fed. 398, 41 C. C. A. 404.

As specially applicable to this case, and the refusal of this court to grant the motion asked for, I quote from the opinion of Chief Justice Taney, the only rival of Chief Justice Marshall in that exalted position. He says:

"This court has never deemed the tribunals of the United States authorized to dispense with the express provisions of the acts of Congress regulating appeals and writs of error, upon any equitable ground. No such power is given to them by law." Saltmarsh v. Tuthill, 12 How. 389, 13 L. Ed. 1034.

And again in U. S. v. Curry, 6 How. 113, 12 L. Ed. 363, Chief Justice Taney says:

"It has been said that this objection is a mere technicality, and may be regarded rather as a matter of form than of substance. But this court does not feel itself authorized to treat the directions of an act of Congress as it might treat a technical difficulty growing out of ancient rules of the common law. The power to hear and determine a case like this is conferred upon the court by acts of Congress, and the same authority which gives the jurisdiction has pointed out the manner in which the case shall be brought before us; and we have no power to dispense with any of these provisions, nor to change or modify them. And if the mode prescribed for removing cases by writ of error or appeal be too strict and technical, and likely to produce inconvenience or injustice, it is for Congress to provide a remedy, by altering the existing laws, not for the court."

For a full discussion and review of the authorities on this subject, see Foster, Federal Practice (4th Ed.) vol. 3, § 510, p. 2085 et seq.

For these reasons, the motion to quash and the motion to postpone are denied.