## GONZALEZ

*v.*

## VALDES ET AL.

San Juan, Law, No. 1186.

SUPERSEDEAS ON WRIT OF ERROR.

Procedure—Writ of Error.

    1. The losing party desiring review must file a petition for writ of error, accompanying it by bill of exceptions, whereupon the court fixes a cost bond which here is $300.

Gonzalez v. Valdes.

Procedure—Extension of Time.

    2. The sixty days for supersedeas is extended by motion .for new trial, but this does not include a second motion for new trial or its equivalent. There is no final judgment as long as the cause remains under the control of the court.

Practice—Agreement for Extension.

    3. If the parties agree upon an extension of time for supersedeas,. this will be respected, but if the matter is left open the court will not after the term presume on agreement.

Practice—Writ of Error.

    4. Everything in the way of review is to be done by the injured party seeking a writ of error. This may be within six months, but if he desires to stay process it must be done within sixty days.

Opinion filed November 21, 1918.

———————

———————

Mr. H. R. Francis for plaintiff.

Mr. Leopoldo Feliu for defendant.

HAMILTON, Judge, delivered the following opinion:

The complaint in this case was filed February 27, 1917, and after different preliminary proceedings the case came to trial February 28, 1918, resulting on March 2 in a verdict of $5,750 for the plaintiff. The motion for a new trial was filed March 6, heard on the 11th, and denied April 18, when judgment was entered. Application was made for a writ of error, and time allowed until May 24 for filing bill of exceptions for that purpose. On June 13, 1918, a motion in arrest of judgment was.

Gonzalez y. Valdes.

filed, submitted eleven days later, and denied on August 24. On September 24, before acting Judge Hutchinson, an order was made allowing defendants to refile their petition for writ of error and assignment of errors, and a motion for supersedeas was submitted. The writ of error was never actually allowed, because the cost bond, although not opposed, was never filed.

The term of court ended November 3, and on November 20 a motion was filed for consideration of the application for supersedeas, which now comes on to be heard.

The question is as to the result of these different proceedings on the right of the defendants to obtain a supersedeas. No question was made as to their right to a writ of error, and this was accordingly allowed upon the hearing to-day.

There is a special proceeding allowed having regard to terms of court under Rev. Stat. § 987 in regard to new trials. The application at bar does not come under this section, both because it was not invoked and because the time there provided has long since expired.

1. The case brings up questions as to proper procedure upon application for review by writ of error. There is no question as to appeal, which applies only in equity. At law the practice is for the losing party desiring a review to file a petition for the grant of a writ of error, accompanying it by a bill of exceptions, whereupon the court fixes a cost bond, which according to the practice here is $300 unless the case is complicated. A previous application for this purpose was not pressed, and the one refiled September 24 was granted to-day. It is conceded that this was within the proper time, being within six months from the judgment which certainly became final May 24. Jones Act of March 2, 1917, § 42.

Gonzalez v. Valdes.

2. The principal question arising is as to supersedeas. Rev. Stat. § 1007, Comp. Stat. § 1666, 6 Fed. Stat. Anno. 2d ed. p. 198, provides: "In any case where a writ of error may be a supersedeas, the defendant may obtain such supersedeas by serving the writ of error, by lodging a copy thereof for the adverse party in the clerk's office where the record remains, within sixty days, Sundays exclusive, after the rendering of the judgment complained of, and giving the security required by law on the issuing of the citation. But if he desires to stay process on the judgment, he may, having served his writ of error as aforesaid, give the security required by law within sixty days after the rendition of such judgment, or afterwards with the permission of a justice or judge of the appellate court. And in such cases where a writ of error may be a supersedeas, executions shall not issue until the expiration of the said term of sixty (ten) days."

The contention of the plaintiff is that, while a writ of error lies, the sixty days has expired within which the defendants may stay process on the judgment by obtaining a supersedeas. The defendants, on the other hand, claim that the motion in arrest of judgment filed June 13 and denied August 24 had the effect of rendering the judgment not final, so that there was no final judgment until August 24, and the motion for supersedeas one month later would therefore be within the sixty days allowed by statute.

The law unquestionably is that an application for a new trial has this effect, and that the sixty days begins to run from the denial of the motion for a new trial. It would seem that in equity a similar or parallel effect follows from the application for a rehearing, such a proceeding being analogous to a motion

XI. Porto Rico.—6.

for a new trial. It may be questioned whether a motion in arrest of judgment, which is supposed to be based upon the record, has this effect; and certainly no case has been cited where a motion for a new trial has been availed of for this purpose and also afterwards a motion in arrest of judgment. Moreover, in the case at bar the so-called motion in arrest of judgment would seem to be more properly in the nature of a second application for a new trial. The grounds availed of related to the citizenship of the defendants, a point mentioned but not pressed upon the trial itself, as well as in the first motion for a new trial, and later urged in the motion in arrest of judgment because of subsequent decisions of courts and tribunals on the subject of the citizenship of parties of Spanish blood.

The fact that the decision of law points creates a different atmosphere cannot be taken into account, for this is a situation occurring all the time. If cases could be reopened because of collateral decisions of courts on points involved, there would be little certainty in litigation. It must be held, therefore, that the so-called motion in arrest of judgment was really a refiling of the motion for a new trial upon grounds which legally could have been pressed upon the original motion, if not upon the trial itself. It certainly cannot be held that there can be more than one motion for a new trial which will have effect under Rev. Stat. § 1007. If that were true, counsel could prolong a case indefinitely by filing such a motion upon a new ground every fifty-nine days. The result would be that the finality of the judgment would be at the discretion not of the court, but of the counsel, which is a reductio ad absurdum.

There is no final judgment or decree for the purpose of an

Gonzalez v. Valdes.

appeal as long as the cause remains under the control of the trial court by reason of the pendency of a motion for a new trial, for rehearing, to set judgment aside, or otherwise. 3 C. J. § 282, p. 465. If a motion or petition for rehearing is presented in. season and entertained. by the court, the time limited for a writ of error or appeal does not begin to run until the matter is disposed of. Until then the judgment or decree does not take final effect. Kingman & Co. v. Western Mfg. Co. 170 U. S. 675, 42 L. ed. 1192, 18 Sup. Ct. Rep. 786. A motion made during the term to set aside a judgment suspends the operation of that judgment so that it does not take final effect until the motion is disposed of. Memphis v. Brown, 94 U. S. 715, 24 L. ed. 244. If a petition for a rehearing, motion for a new trial, or to set aside the judgment, be made during the term, the time for writ or appeal does not begin to run until the petition or motion has been denied. 3 Foster, Fed. Pr. 5th ed. p. 2483.

Some of these authorities speak of a motion as suspending the judgment, but evidently, as others show, what is meant is that an application to suspend judgment which is "entertained" by the court has that effect until the court decides the application. In matters connected with appeal we are dealing with statutory regulations, not with common-law practice, for appeal and writ of error for the purposes now before us are statutory in origin. A supersedeas is a statutory remedy, and does not as originally follow from grant of writ. Kitchen v. Randolph, 93 U. S. 87, 23 L. ed. 810. It is only obtained by strict compliance with all the required conditions, none of which can be dispensed with. Time is an essential element in the proceeding. The appellee has rights as well as the appellant, and cannot be deprived of

them without due process of law. Sage v. Central R. Co. 93 U. S. 412, 23 L. ed. 933.

The procedure is illustrated in the case at bar. Upon the first application for a new trial there was included an application to set aside the judgment, and this was done by the court. This was not asked, and was not done, upon the second application.

A looser construction of the law would seem to be given in Western U. Teleg. Co. v. Eyser, 19 Wall. 419, 22 L. ed. 43, which says that service of the writ of error is not a preliminary to a supersedeas. This case, however, was decided before the amendment of the law by the Act of February 8, 1875, and Kitchen v. Randolph, 93 U. S. 86, 23 L. ed. 810, points out that under § 1007 as it now stands prompt action is required as to the writ of error, and the indulgence granted refers only to the security. New England R. Co. v. Hyde, 41 C. C. A. 404, 101 Fed. 397.

3. It would seem that the hearing as to writ of error on August 24 was somewhat informal. While it must be held that filing the motion did not suspend the judgment, and no order was made by the court suspending the judgment, which, as it was within the term, could have been done, there might be a question whether all parties, court included, did not intend to have all matters held up pending briefs and decision of the application. If there was any such understanding it would only need an order nunc pro tunc to make the present proceedings conform to the intentions of the parties. The applicant would seem to have so thought of the situation, but the plaintiff in the case did not, and was seeking to hold all his rights. The court hardly intended to prejudge the matter one way or the

other. The fact seems to be that no one clearly reasoned out the matter and in this situation the term expired. The court would not now feel justified in reopening the matter at a subsequent term. Kitchen v. Randolph, supra. This is different from the rule that where an appeal is prayed within the statutory time the mere date of its allowance by the court is not controlling. In such case the appellant has done all he can when he has filed his application, and the time taken by the court should not run against him. In the case at bar, however, the steps to be taken were not those of the court, but of the appellant himself. The lapse of time has created rights, and if it has injured the appellant it is only because he did not act promptly.

4. It is true that the motion for supersedeas was submitted to the court within sixty days from the time the judgment became final, but supersedeas being collateral to the obtaining of a writ of error by means of a cost bond and otherwise, and those steps required of the appellant not having been taken by him, the court could not fix a supersedeas bond. This will be seen by analyzing what is required on appeal.

The practice in obtaining a writ of error is for all steps to be taken by the party desiring the review. There is not merely an application on his part, to be followed by necessary action by the court, but everything in the way of review is to be done by the injured party himself. The writ of error must be obtained and a copy thereof lodged with the adverse party in the clerk's office within sixty days after the rendering of the judgment complained of, besides citation. The writ brings up the record, the citation the parties. Kitchen v. Randolph, supra. Such writ of error may be obtained any time within six

Gonzalez v. Valdes.

months after the judgment in question, but it cannot during all that period be used as a basis of a supersedeas. If the injured party desires to stay process on the judgment he must serve his writ of error and give the security fixed by law within sixty days after the rendition of the judgment. Rev. Stat. § 1007. In other words, the writ of error may be obtained any time within six months after the judgment has become final in the different ways specified by law, but it cannot be the basis of a supersedeas, or, as it is expressed in the Revised Statutes, it cannot be a supersedeas unless necessary action is taken within sixty days after the judgment has become final. The right to a writ of error for purposes of the appellate court lasts for six months after the entering of the final judgment, but to have any effect in the local courts in the way of supersedeas the action must be more prompt and be had within sixty days. The right to obtain a writ of error, however, without supersedeas, survives four months longer.

In any view of the case, therefore, even if the motion in arrest of judgment had the effect of keeping the judgment in suspense, the judgment became final on August 24, and the steps necessary to convert it into a supersedeas, or to give it the collateral effect of a supersedeas, had not been taken until to-day, more than sixty days later. The court was not at fault; the preliminary steps required to be taken by the appellant himself had not been completed owing to a misconception of his remedy.

It follows, therefore, that the motion to fix a supersedeas bond cannot now be entertained and must be denied.

It is so ordered.