# PEUGH *v.* DAVIS.

APPEAL FROM THE SUPREME COURT OF THE DISTRICT OF COLUMBIA.

Submitted January 7th, 1884.—Decided January 21st, 1884.

*Appeal—Supersedeas.*

If a court in session and acting judicially allows an appeal which is entered of record without taking a bond within sixty days after rendering a decree, a justice or judge of the appellate court may, in his discretion, grant a supersedeas after the expiration of that time under the provisions of § 1007 Rev. Stat., but this is not to be construed as affecting appeals other than such as are allowed by the court acting judicially and in term time.

*Mr. M. F. Morris* and *Mr. J. T. Crittenden* for appellant.

*Mr. A. G. Riddle* for appellee.

Mr. Chief Justice Waite delivered the opinion of the court.

This is an appeal from a decree of the Supreme Court of the District of Columbia, rendered on the 30th of October, 1882. At the foot of the decree as entered is the following:

"And from this decree the complainant, Samuel A. Peugh, prays an appeal to the Supreme Court of the United States, which is allowed."

No bond of any kind was executed under this allowance until the 10th of May, 1883, when Mr. Justice Miller granted a supersedeas and took the necessary security for that purpose. He at the same time signed a citation. On the same day another citation was signed by the Chief Justice of the Supreme Court of the District. Davis, the appellee, now moves to vacate the supersedeas because no appeal was perfected within sixty days after the rendition of the decree appealed from, and also to dismiss the appeal.

In *Kitchen* v. *Randolph*, 93 U. S., at 92, it was held that—

"The service of a writ of error or the perfection of an appeal within sixty days, Sundays exclusive, after the rendering of the judgment or the passing of the decree complained of, is an

indispensable prerequisite to a supersedeas, and that it is not within the power of a justice or judge of the appellate court to grant a stay on the judgment or decree, if this has not been done."

In referring to this case at the same term, in *Sage* v. *Central Railroad Company*, id, 416, it was spoken of as holding that, unless the writ of error was sued out and served, or the appeal *taken* within the sixty days, no supersedeas could be allowed. It thus appears that the words "perfected" and "taken" were used interchangeably, and were evidently intended to mean the same thing as "allowed." The rule established by these cases, when accurately stated, is therefore no more than that to give a justice or judge of the appellate court authority to grant a supersedeas after the expiration of the sixty days, a writ of error must have been issued and served, or an appeal allowed within that time.

In *Edmonson* v. *Bloomshire*, 7 Wall. 306, it was decided that a prayer for an appeal made in open court, and an order allowing it, constituted a valid appeal. Under such circumstances the allowance becomes the judicial act of the court in session, and the bond is not essential to the taking of the appeal, though it may be to its prosecution. As was said in the case last cited:

"It could have been given here, and cases have been brought here where no bond was approved by the court below, and the court has permitted the appellant to give bond in this court."

*Anson Bangs & Co.* v. *Blue Ridge Railroad*, 23 How. 1; *Brobst* v. *Brobst*, 2 Wall. 96; *Seymour* v. *Free*, 5 Wall. 822, are cases of that character. And in *The Dos Hermanos*, 10 Wheat. 306, where an appeal was prayed within the five years' limitation, and was actually allowed by the court within that period although the bond was not given until afterwards, Chief Justice Marshall said:

"It is true the security required by law was not given until after the lapse of the five years; and under such circumstances the court might have disallowed the appeal and refused the

security. But as the court accepted it, it must be considered as a sufficient compliance with the order of the court, and that it had relation back to the time of the allowance of the appeal."

We decided in *Railroad* v. *Blair*, 100 U. S. 661, that if an appeal was allowed by the court during the term at which the decree was entered, and the bond was not executed until after the term, a citation was necessary ; but that related only to procedure under the appeal, and is not in conflict with the former decisions as to the effect of an allowance of an appeal by the judicial act of the court in session.

In view of these rulings we hold that if a court in session and acting judicially allows an appeal which is entered of record without taking a bond within sixty days after rendering a decree, a justice or judge of the appellate court may, in his discretion, grant a supersedeas after the expiration of that time, under the provisions of § 1007 of the Revised Statutes. Nothing here said is to be construed as affecting appeals other than such as are allowed by the court acting judicially and in term time.

*The motion is denied.*