UNION MUT. LIFE INS. CO. *v.* WINDETT *et al.*

(*Circuit Court, N. D. Illinois.* December 3, 1888.)

APPEAL—EFFECT—MORTGAGES—FORECLOSURE—SALE—RIGHT TO DEED.

It is no defense to a rule on a master requiring him to make a deed to the purchaser at a sale made by him under a decree of foreclosure, that an appeal has been taken from the decree, where the appeal does not operate as a *supersedeas.*

In Equity. On motion for rule.
*Sweet & Grosscup*, for complainant.
*W. P. Black*, for defendants.

BLODGETT, J. This is a motion made by complainant for a rule on one of the masters of this court, requiring him to make a deed to complainants in pursuance of a sale made by the master under a decree of

foreclosure in this case. It appears from the record that the final decree of foreclosure was entered in this case on the 7th of December, 1886, and that in pursuance of such decree one of the masters of this court, on the 19th day of April, 1887, sold the mortgaged premises to satisfy the amount of the mortgage debt found due the complainant, and that at such sale the complainant became the purchaser, and the certificate of purchase was duly executed and delivered by the master to complainant, stating that complainant would be entitled to a deed of the premises in 15 months from the date of such sale, unless the premises were redeemed according to law and the rules of this court in that behalf; that the master reported the sale to the court, and the same has been duly confirmed; that on the 19th day of July, 1888, and long after the said sale had been made and confirmed, the defendant Arthur W. Windett prayed an appeal to the supreme court, and the same was allowed, on condition that he file an appeal-bond in the penal sum of $1,500, conditioned according to law, and with surety to be approved by the court. The bond was filed and approved, and the complainant has since perfected his appeal by filing the record in the supreme court, where it is now pending. It also appears that the time for the redemption of the lands so purchased under the decree expired on the 19th day of July last, and that no redemption was made or attempted, and that complainant has requested the master to make and execute to it a deed of the mortgaged premises in pursuance of the decree and sale, and that the master declines to do so without an order of court, because it is insisted by the defendant that the appeal operates as a *supersedeas*, and suspends the right of this court to proceed any further in the execution of the decree. Complainant now asks that the master be directed to execute and deliver a deed in pursuance of the sale and purchase.

The appeal not having been prayed for and allowed within 60 days after the entry of the final decree, does not operate as a *supersedeas*. See *Kitchen* v. *Randolph*, 93 U. S. 92; *Sage* v. *Railroad Co.*, Id. 412; *Peugh* v. *Davis*, 110 U. S. 227, 4 Sup. Ct. Rep. 17, and many other cases which might be cited to the same effect. But the defendant Windett contends that by the appeal the case is wholly taken out of the jurisdiction of this court, and that this court cannot now direct its officer to execute the deed. I have no doubt that by the operation of the appeal this court was so far divested of control of the case that it can make no further orders or decrees touching the rights of the parties, but as the motion in question only has reference to requiring an officer of the court to do his duty under a decree entered long before this appeal was taken, and as the appeal in no way supersedes or suspends the operation of the decree, the court still has power to direct, or even compel, its officer to perform any necessary act to fully execute the decree, and carry it into effect. This position seems to me to be fully supported by the supreme court. *Carr* v. *Hoxie*, 13 Pet. 461; *Wallen* v. *Williams*, 7 Cranch, 278; *Hudgins* v. *Kemp*, 18 How. 530.

*Draper* v. *Davis*, 102 U. S. 370, cited by defendant does not, as it seems to me, in any degree support his position in this respect. In this

last case an appeal had been prayed and allowed within 60 days, and an appeal-bond duly filed, and yet, after the perfection of the appeal, the court made an order changing the terms upon which the appeal could be taken to the supreme court. It merely decides that, after an appeal has been completed and perfected within the time to make it a *supersedeas,* any proceedings by the court below are null and void.

The allowance and perfection of the appeal in this case only had the effect to take the record before the supreme court. It did not act upon the parties, or prevent the court from taking any steps in the execution of the decree; and, if an officer of the court declines to do an act within his duty in the execution of the decree, the complainant has the right to apply to the court for an order directing such officer to proceed in the performance of such duty. Any other rule than this would give rise to and encourage sharp practices entirely inconsistent with the rights of the parties and the duty of the court in protecting such rights. Suppose a judgment is rendered in this court, and the defendant takes a writ of error to the supreme court, but does not obtain a *supersedeas,* no one will doubt that the plaintiff has a right to take out execution, and place it in the hands of the marshal, and direct him to proceed to levy and collect the amount called for by the writ. But suppose the marshal is told by the defendant that the case has been taken to the supreme court, and that he has no right to levy, and that the marshal upon this suggestion refuses to proceed with the execution, can there be any possible room for doubt that the court has the power to direct the marshal to proceed? And yet that seems to me precisely this case. Or suppose the marshal did proceed with the execution, did make the levy, sell the property, and collect the money, yet, upon notice that the case had been taken up by writ of error, refused to pay it over to the complainant, would it not be the plain duty of the court to compel its officer to pay the money to the complainant, to whom it belonged? An order will be entered directing the master to execute the deed.