### CARLOS LE BRUN, Complainant,

*v.*

### ADOLFO SIXTO ET AL., Respts.

---

San Juan, Equity, No. 416.

1. The court has no power to grant a supersedeas, unless the appeal is perfected within sixty days, Sundays excluded.

Opinion filed April 1, 1908.

Le Brun v. Sixto.

*Messrs. Sweet, Rossy, & Campillo,* solicitors for the complainant.

*Mr. N. B. K. Pettingill,* solicitor for respondent Sixto.

*Mr. Henry F. Hord,* solicitor for respondent Pedro Romero.

RODEY, Judge, delivered the following opinion:

The final decree was entered herein on December 4, 1907. No writ of error was filed or appeal taken in the cause until the 13th day of February, 1908, or sixty-one days, exclusive of Sundays, after the entry of the final decree. On said February 13th, counsel for Pedro Romero, one of the respondents, as will be seen by the record, came in and prayed an appeal to the Supreme Court of the United States and filed a set of assignments of error and tendered an unexecuted bond, which he alleged he would cause to be executed that day, and in fact thereafter did so, and desired to have all of the same filed as of date February 12th, or within the sixty days provided for by § 1007 of the Revised Statutes of the United States (U. S. Comp. Stat. 1901, p. 714), so as to make the bond serve as a supersedeas in the premises. At that time we permitted the prayer for appeal and the assignments of error to be filed, and granted the former, but refused to permit said counsel to do other than tender the said unexecuted bond. The regular counsel for the defendant Sixto was absent in the States at the time, but he was represented by other counsel who resisted this application, and therefore the matter went over until the return of the regular counsel, and on March 28th last past, counsel for both parties were fully heard. Counsel for respondent Romero has cited us to a number of cases which, he contends, authorize us to permit him, under the above state of facts, to file his said

bond and have the same considered as a supersedeas in the premises. He cites us to 20 Enc. Pl. & Pr. p. 1222 (c) and note 2; Id. pp. 1221, 1222 (b); Roberts v. Cooper, 19 How. 373-375, 15 L. ed. 687, 688; Ferguson v. Dent, 29 Fed. 2; 2 Rose's Code of Fed. Proc. § 2015 and note, pp. 1598, 1599; Curtis v. Leavitt, 10 How. Pr. 481; and Louisville, N. A. &. C. R. Co. v. Pope, 20 C. C. A. 253, 46 U. S. App. 25, 74 Fed. 1. We have hurriedly examined these authorities and every one of them refers either to the practice in state courts or else to the right of the court to make an entry *nunc pro tunc* as to supersedeas when the appeal itself or the writ of error was taken in term in open court, or citation issued under it within sixty days after the judgment or decree. In this case nothing at all was done until more than sixty days after the entry of the final decree on December 4, 1907.

Counsel for defendant Sixto cites us to many cases, such as Hogan v. Ross, 11 How. 297, 13 L. ed. 703; Saltmarsh v. Tuthill, 12 How. 389, 13 L. ed. 1035; Stafford v. Union Bank, 17 How. 279, 15 L. ed. 102; Providence Rubber Co. v. Goodyear, 6 Wall. 156, 18 L. ed. 763; French v. Shoemaker, 12 Wall. 86, 20 L. ed. 270; Kitchen v. Randolph, 93 U. S. 92, 23 L. ed. 812; Sage v. Central R. Co. 93, U. S. 412, 23 L. ed. 933; and Peugh v. Davis, 110 U. S. 228, 28 L. ed. 128, 4 Sup. Ct. Rep. 17; and to Union Mut. L. Ins. Co. v. Windett, 36 Fed. 839 and New England R. Co. v. Hyde, 41 C. C. A. 404, 101 Fed. 398. We have made a like hasty examination of these authorities, especially the case of Kitchen v. Randolph.

In this case, because the litigation is over a fund that is actually in the registry of the court, we had an idea that we might have some power to hold the money until the Supreme Court of the United States had passed upon our ruling as to

Le Brun v. Sixto.

the ownership of it, and naturally our desire is to do so, but we find that in such cases the only thing courts hold they have power to do is that, where the *res* or fund litigated about cannot be dissipated, such fact enables the court to fix a lower bond for supersedeas; but the appeal must have been taken within sixty days, exclusive of Sundays, under § 1007 of the Revised Statutes, or a writ of error must have issued and citation been had within those sixty days, or else it seems the court has no power to grant supersedeas at all.

The rulings of the Supreme Court of the United States as to all matters wherein an appeal lies from this court to that tribunal are of course binding, and the language of the syllabus in Kitchen v. Randolph, 93 U. S. 86, 23 L. ed. 810, supra, is: "Unless an appeal is perfected, or a writ of error sued out and served within sixty days, Sundays exclusive, after the rendition of the decree or judgment complained of, it is not within the power of a justice of this court to allow a supersedeas."

In Peugh v. Davis, 110 U. S. 227, 28 L. ed. 127, 4 Sup. Ct. Rep. 17, supra, the syllabus states:

. "If a court in session and acting judicially allows an appeal which is entered of record without taking a bond within sixty days after rendering a decree, a justice or judge of the appellate court may, in his discretion, grant a supersedeas after the expiration of that time under the provisions of § 1007, Rev. Stat.; but this is not to be construed as affecting appeals other than such as are allowed by the court acting judicially and in term time."

Counsel for defendant Romero here has cited us to no case from which we can gather that we have power to grant his request, and, much as we regret it, we are constrained to overrule his motion, and it is so ordered.