## SCHNEIDERMAN v. UNITED STATES.
### No. 9658.

Circuit Court of Appeals, Ninth Circuit.
April 28, 1941.

·Robert W. Kenny, of Los Angeles, Cal., George R. Andersen, Herbert Resner, and George Olshausen, all of San Francisco, Cal., and Abraham Unger, of New York City, for appellant.

Frank J. Hennessy, U. S. Atty., and R. B. McMillan and L. R. Mercado, Assts. U. S. Atty., all of San Francisco, Cal., for appellee.

Before GARRECHT, HANEY, and HEALY, Circuit Judges.

HANEY, Circuit Judge.

Appellant seeks reversal of a judgment cancelling and declaring void a decree of naturalization and certificate granted to appellant.

Appellant was born at Rumanov, Russia, on August 1, 1905, and emigrated with his father to the United States at the age of three, arriving in New York City on September 22, 1908. Appellant filed his declaration of intention to become a citizen of the United States on February 8, 1924, stating therein: "I am not an anarchist." He filed his petition for naturalization on January 18, 1927, in which he stated: " * * * I am not a disbeliever in or opposed to organized government or a member of or affiliated with any organization or body of persons teaching disbelief in or opposed to organized government. * * * I am attached to the principles of the Constitution of the United States * * * ".

On June 10, 1927, the proper court found that appellant "had in all respects complied with the Naturalization Laws of the United States, and that he was entitled to be" admitted a citizen of the United States. It ordered that appellant "be admitted as a citizen of the United States of America". Certificate of Naturalization was issued.

On June 20, 1939, an attorney in the Immigration and Naturalization Service, Department of Labor, made an affidavit stating that before he was admitted to citizenship, appellant "declared on oath in open court that he would support the Constitution of the United States, and that he would support and defend the Constitution and laws of the United States against all enemies, foreign and domestic, and bear true faith and allegiance to the same"; that the naturalization of appellant was fraudulently and illegally procured because (a) at the time of filing his petition for naturalization and during the five-year period preceding it, and at the time of his admission to citizenship, appellant "was not attached to the principles of the Constitution of the United States and well disposed to the good order and happiness of the same"; and (b) at the time he took the oath of allegiance, appellant "did not in fact intend to support and defend the Constitution and laws of the United States against all enemies, foreign and domestic, and bear true faith and allegiance to the same"; and that during the period from a date five years prior to the filing of his petition for naturalization to the time of his admission to citizenship, appellant was a member of "the Workers (Communist) Party of America, which organization is opposed to the Government of the United States, and teaches and advocates the overthrow of the Government of the United States by force and violence".

On June 30, 1939, appellee filed a complaint in the court below, alleging the facts stated above, and that appellant had concealed from the court on the hearing of the petition for naturalization the fact of his membership in the party mentioned above and the "Young Workers (Communist) League of America" and believed in and supported the principles of such organizations.

Appellant answered admitting membership in the Communist organizations and alleged, among other things, that such organizations, their principles, tenets, teachings and beliefs were not opposed or contrary to the principles of the Constitution, but supported the Constitution, and that such organizations did not believe in, teach or advocate the overthrow of the government, Constitution or laws of the United States by force and violence, or force or violence or otherwise, or at all.

The trial court held that appellant "by reason of his membership in such organizations and participation in their activities, was not 'attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the same'" and "obtained his certificate of citizenship illegally". D.C., 33 F.Supp. 510, 513.

The court below found that appellant's certificate of naturalization was illegally procured because he was not at the time of his naturalization, and for five years immediately preceding the filing of his petition had not behaved as, a person attached to the principles of the Constitution of the United States and well disposed to the good order and happiness of the same; that the decree and certificate of naturalization were fraudulently procured because appellant concealed from the court which entered the decree of naturalization the facts that at the time of the hearing of appellant's petition for naturalization, and during the five years immediately preceding the filing of such petition, he was a member of six communist organizations, and believed in and supported the principles of such organizations and of the Third International, of which the six organizations were a section; and that the decree and certificate of naturalization were illegally and fraudulently procured because before his admittance as a citizen, appellant declared on oath in open court that he would support the Constitution of the United States and that he absolutely and entirely renounced and abjured all allegiance and fidelity to. any foreign state, whereas in truth and in fact appellant at such times intended to and did maintain allegiance and fidelity to the Union of Soviet Socialist Republics and to the Third International, and intended to adhere to and support and defend the principles of the Third International.

The court below further found that during all the times material herein, the principles of the six organizations and the Third International were opposed to the principles of the Constitution of the United States, and that such organizations advised, advocated and taught the overthrow of the government, Constitution and laws of the United States by force and violence and taught disbelief in and opposition to organized government. Judgment was entered cancelling and declaring void the decree and certificate of naturalization. This appeal followed.

This action was commenced pursuant to 8 U.S.C.A. § 405, which provides in part: "It shall be the duty of the United States district attorneys for the respective districts * * * upon affidavit showing good cause therefor, to institute proceedings in any court having jurisdiction to naturalize aliens * * * for the purpose of setting aside and canceling the certificate of citizenship on the ground of fraud or on the ground that such certificate of citizenship was illegally procured. * * *"

Appellant makes considerable argument to the effect that there was no proof of fraud. It is unnecessary to consider this contention. Cancellation of the certificate of naturalization is authorized by § 405 on the ground of illegality. Appellant concedes the distinction between the two grounds, by saying: "Fraud and illegality are here two entirely separate tests and apply to distinct subject matters". He further says: "To establish illegality, as contrasted with fraud, it is necessary for the Government to show that the alien had failed to comply with all of the statutory prerequisites, or that the Court granting naturalization had similarly deviated from statutory requirements".

Appellant contends that the findings of the court below are not supported by the evidence. We think and hold that the findings of the court below to the effect that the certificate of naturalization was illegally procured, are not clearly erroneous. Federal Rules of Civil Procedure, rule 52 (a), 28 U.S.C.A. following section 723c. See also Rule 81(a) (6).

In 8 U.S.C.A. § 381 it is provided regarding an applicant for citizenship: "He shall, before he is admitted to citizenship, declare on oath in open court that he will support the Constitution of the United States, and that he absolutely and entirely renounces and abjures all allegiance and fidelity to any foreign prince, potentate,

state, or sovereignty, and particularly by name to the prince, potentate, state, or sovereignty of which he was before a citizen or subject; that he will support and defend the Constitution and laws of the United States against all enemies, foreign and domestic, and bear true faith and allegiance to the same."

Under this statute, since the declaration of the alien is to be made "on oath", what he declares must be truthful. If he falsely makes the declaration, it seems clear to us that he obtains his citizenship illegally, if not by fraud, since the oath is a prerequisite to citizenship. (United States v. Schwimmer, 279 U.S. 644, 49 S.Ct. 448, 73 L.Ed. 889; United States v. Macintosh, 283 U.S. 605, 51 S.Ct. 570, 75 L.Ed. 1302), and the applicant does not, therefore, comply with the statute. That statute requires, among other things, that the applicant must honestly declare: (1) that he will support the Constitution of the United States; and (2) that he absolutely and entirely renounces all allegiance to any foreign state. The inquiry under that statute here is: Did appellant falsely declare (1) that he would support the Constitution of the United States; and (2) that he renounced absolutely and entirely all allegiance to any foreign state?

Supporting that view is the statement in United States v. Ginsberg, 243 U.S. 472, 475, 37 S.Ct. 422, 425, 61 L.Ed. 853, that if a certificate of naturalization is "procured when prescribed qualifications have no existence in fact, it is illegally procured". To the same effect is United States v. Siem, 9 Cir., 299 F. 582, 583, where it is said that "illegally procured" in § 405 "means procured contrary to the provisions of the law".

Appellant makes the further argument that he had complied with the procedural requirements set forth in 8 U.S.C.A. §§ 373, 379, 381 and 399, and that therefore there could be no illegality unless § 382 were violated. The latter section provides that at the hearing of the petition certain things must "be made to appear to the satisfaction of the court". Appellant argues, therefore, that since the court was satisfied as to his proof, no illegality is present. Such argument, however, is based on the assumption that appellant complied with § 381 requiring a truthful declaration as above stated. As stated above, the court below found that when appellant made the declaration on oath, he did not intend to support the Constitution of the United States, but intended to adhere to and support the principles of the Third International, and that appellant did not renounce his allegiance to foreign states, but maintained his allegiance to the Union of Socialist Soviet Republics and to the Third International. If these findings are sustained, then the judgment must be affirmed. Thus we arrive at the narrow question: Are such findings clearly erroneous?

Appellant testified that he was and is attached to the principles of the Constitution of the United States; that he did not believe in the overthrow of the government of the United States by force and violence; that he "undertook the obligations of citizenship in good faith"; that he was not opposed to organized government; and that he was not a member of an organization "incompatible with the obligations of American citizenship". He also testified that he was at the time of making the declaration on oath a member of the Communist Party and fully believed in and supported its principles. His testimony in that respect was corroborated by a history of his extensive activities in the support of that party.

There was no direct testimony that appellant had any other beliefs than those mentioned, but it does not follow, as appellant seems to contend, that the court below was required to accept his testimony. The principles of the Communist Party, to which appellant admittedly adhered, may have been such, that it was highly improbable, if not impossible, for appellant's testimony as to his beliefs to be true.

It is here unnecessary to discuss in detail all principles of the Communist Party, even if we were qualified to do so. It is sufficient here to point out wherein some of its principles are contrary to those expressed in our Constitution. The evidence consisted of testimony, and books, pamphlets and writings. There was substantial evidence which, if believed, leads to the conclusion that the Communist Party held and advocated that private ownership of the agents of production was wrong; that the agents of production should be confiscated by the government without compensation to the private owners thereof; that the government should be a dictatorship of the proletariat; that the present government here should be abandoned and one like that of the Soviet Union established; that the Supreme Court and the Senate should be abol-

504

ished; that the government should be controlled by one political party only, and all others should be suppressed; and that the various countries of the world should establish a world union of Soviet Socialist Republics. It is obvious that these views are not those of our Constitution.

As an example of the recognition by the Communist Party itself that its views are different from those expressed by our Constitution we quote the following from the program and constitution for the years 1921 to 1924, of the Workers Party of America, now known as the Communist Party: "The experience of the workers in the struggle against capitalism has proven that the workers cannot take over the ready-made machinery of the Capitalist government and use this machinery to build up a Communist society. The form of organization of the existing government, constitutional basis, its laws, the bureaucracy, which has been built up over a century cannot be used by the workers. They are all of a character to aid the capitalists in the struggle against the workers and cannot be transformed into instruments of struggle of the workers against the capitalists."

In bringing these aims about, we find sharply conflicting views as to what method the Communist Party advocates. There is substantial evidence that the Communist Party expects to use and advocates overthrow of our government by force and violence. There is other evidence to support the view that such party neither contemplates nor advocates the use of force and violence in the overthrow of our government. In view of the direct conflict of evidence with respect to this question, we are unable to say that the finding of the trial court to the effect that the Communist Party advised, advocated and taught the overthrow of the Constitution and laws of the United States by force and violence was clearly erroneous.

The trial court believed that appellant's testimony as to his support of our Constitution and allegiance to this country was incredible in view of his admission that he fully believed in and supported the principles of the Communist Party, and in view of the principles of such party. We cannot say that the trial court's conclusions are clearly erroneous in view of the substantial evidence in the record before us.

Appellant argues that the attempt to deprive him of his citizenship lawfully and properly conferred is unconstitutional and in violation of the First, Fifth and Fourteenth Amendments. Such contention is based on the assumption that his citizenship was obtained "lawfully and properly". Such, we think, is not the case.

It is unnecessary to consider the remaining contentions of appellant relating to matters which are immaterial in view of our conclusions above stated.

Affirmed.