## UNITED STATES v. MANZO.
### Civil Action No. 2735.

District Court, D. New Jersey.

Feb. 27, 1945.

Thorn Lord, by Edgar H. Rossbach, both of Newark, N. J., for plaintiff.

Daniel M. Figurelli, of Jersey City, N. J., for defendant.

MEANEY, District Judge.

Plaintiff alleges that on June 8, 1927, defendant was then an alien, filed a petition to be admitted as a citizen of the United States, in the Common Pleas Court of Hudson County, in Jersey City, New Jersey. Plaintiff further alleges that on or about the 29th of September 1927, the said court made and entered a decree purporting to admit the defendant to be and become a citizen of the United States. Plaintiff then alleges that the said decree admitting the defendant to citizenship was illegally and fraudulently obtained. Defendant stated in his petition for naturalization that he had resided in the State of New Jersey continuously since October 1, 1925, and that he had one child. It is alleged by plaintiff that this statement of the petition and plaintiff's testimony given during preliminary examination and at the final hearing upon his petition that he had not been absent from the United States since

his entry on March 22, 1921, and had resided in the State of New Jersey continuously since October 1, 1925, were wilfully and knowingly false. In his answer the plaintiff denied that the decree was illegally and fraudulently procured and further denied that he wilfully and knowingly gave false statements as alleged in the complaint.

The Government examiner testified that the defendant stated to him in the preliminary examination held June 8, 1927, that he had resided in the United States continuously from March 22, 1921, and in the State of New Jersey from October 1, 1925, and that he had not been absent from the United States since March 22, 1921, and that he had one child, who resided with the child's mother in Italy. The same witness testified that on February 18, 1941, defendant on examination stated that he had left the United States in October 1925 and had not returned for approximately ten months during which time he visited his wife in Italy.

Defendant testified that after residing in West Virginia he resided at 330 Pavonia Avenue, Jersey City, with one Joe Manzo from September 29, 1925, to October 3, 1925, obtained a permit to visit his wife in Italy and return and purchased a round trip ticket to Italy. He further testified that he left his clothes at Joe Manzo's house intending to return there with his wife and thereafter resume his residence at that address. He further testified that his wife refused to return to America with him and he returned alone after having absented himself from the United States for a period of almost eleven months. He then again resumed his residence at the same place and resided there continuously to the year 1931, when he went to his sister's house in Jersey City to reside. It was brought out in the evidence that the defendant resided in Jersey City ever since September 1926. He further testified that he did not understand some of the questions put to him by the examiner.

The defendant also testified that he received aid in filing of his application for citizenship and that he was advised that it was not necessary to set forth that he had been absent from the United States, because he had not been absent for more than a year.

The defendant was continuously employed by a large firm from September 1926. The general foreman thereof, a creditable witness, testified that the defendant never caused trouble and that his reputation was "very good". One other character witness testified favorably in behalf of the defendant. Defendant denied that he meant to conceal his absence or the birth of another child, which child incidently was born after the return of the defendant to the United States. I am of the opinion that defendant was not guilty of illegally or fraudulently procuring the decree admitting him to citizenship.

Under the law that existed at the time defendant filed his petition for naturalization, continuity of residence did not infer that the alien must remain at all times physically within the jurisdiction. It is settled law that the absence of an alien from the United States during the five years preceding his application for citizenship, even for considerable periods, does not destroy the continuity of residence, if consistent with an intention to retain such residence.

In the United States v. Schneiderman case (D.C., 33 F.Supp. 510, affirmed, 9 Cir., 119 F.2d 500, reversed 320 U.S. 118, 63 Sup. Ct. 1333, 1335, 87 L.Ed. 1796) Justice Murphy says: "So, whatever may be the rule in a naturalization proceeding * * *, in an action instituted under § 15 for the purpose of depriving one of the precious right of citizenship previously conferred we believe the facts and the law should be construed as far as is reasonably possible in favor of the citizen. Especially is this so when the attack is made long after the time when the certificate of citizenship was granted and the citizen has meanwhile met his obligations and has committed no act of lawlessness."

The Court further suggests that rights conferred should not be lightly revoked and more especially is this true when the rights are precious and when they are conferred by solemn adjudication as is the situation when citizenship is granted.

Defendant throughout his testimony on the stand impressed me as being truthful. I found no disposition on his part to evade or equivocate. It did not appear to me that he knowingly and wilfully gave false statements, either on his petition for naturalization or at the hearings held prior to the granting of his papers of citizenship.

Defendant may have, because of misrepresentation of its effect on him by another

party, made what was an actual misrepresentation, and, of course, the danger in all these things is that once the bars are let down on the question of misrepresentation it may open the field to general perjury. But, after observing defendant on the witness stand, I cannot believe that this man had any intention of committing such outrageous defiance of the law as would warrant peremptory deprivation of citizenship.

I find that when the defendant moved to New Jersey in September 1925 he intended to reside permanently within the jurisdiction of that State. When he left this country he did so under proper authorization and with the intention of returning to a domicile that he had established before he left. His return to the home which he departed from and his residence there for years thereafter until he left to live with his sister, indicates that the assertion that he made could be relied upon.

I am jealous of the rights of citizens and I am jealous of the granting of citizenship, but I think that Justice Murphy has indicated a course of procedure which is in conformity with law and in strict compliance with the spirit of the regulations of Congress and certainly in accord with the dictates of humanity as well as the dictates of Justice. I do not find that the Government produced such clear, unequivocal and convincing evidence as would induce me to feel that I would be justified in cancelling the citizenship of this man.

The statement of facts contained in this opinion may be taken as special findings of fact.

I am making the following conclusions of law:

1. The burden is upon the Government to show fraud or illegality in obtaining citizenship by clear, unequivocal and convincing evidence.

2. Under the circumstances of this case the evidence as to fraud and illegality on the part of the defendant is not sufficiently clear and satisfactory as to justify the revocation of defendant's certificate of citizenship.

3. The absence of defendant from New Jersey and from the United States from October 1925 to September 1926 did not break the continuity of his residence for five years immediately preceding the date of filing of his petition for citizenship and defendant did not procure his citizenship illegally.

4. The complaint for cancellation of defendant's certificate of citizenship should be dismissed.

Judgment may be entered accordingly.