**ALEXANDER v. UNITED STATES**
and nine other cases.

No. 12081.

As Amended on Denial of Rehearing
April 12, 1949.

United States Court of Appeals

Ninth Circuit.

March 14, 1949.

Gallagher, Margolis, McTernan & Tyre, Ben Margolis and John T. McTernan, all of Los Angeles, Cal., for appellants.

James M. Carter, U. S. Atty., of Los Angeles, Cal., and Max H. Goldschein, Frank De Nunzio and Vincent Russo, Sp. Assts. to the Atty. Gen., for appellee.

A. L. Wirin and Fred Okrand, both of Los Angeles, Cal., for American Civil Liberties Union, amicus curiae.

Daniel G. Marshall and Sam Houston Allen, both of Los Angeles, Cal., for Los Angeles and Hollywood-Beverly Hills Chapters National Lawyers' Guild, amicus curiae.

J. Bruce Fratis, George Olshausen and Benjamin Dreyfus, all of San Francisco Cal., for San Francisco Chapter National Lawyers' Guild, amicus curiae.

Before MATHEWS, STEPHENS, HEALY, BONE and ORR, Circuit Judges.

MATHEWS, Circuit Judge.

Called as witnesses before a grand jury in the United States District Court for the Southern District of California, appellants refused to answer questions there propounded to them and persisted in such refusal after being ordered by the court to answer the questions. Thereupon civil contempt proceedings were instituted against them and, after a hearing, judg-

ments were entered against them.[1] Thereby each of them was adjudged in contempt and committed to the custody of the United States Marshal, to be "by him held until said witness returns to said grand jury and answers the said questions ordered by said court to be answered" or until the further order of the court. These appeals followed.

The appeals were taken on October 28, 1948. On October 29, 1948, counsel for appellants presented to a single judge of this court (Chief Judge Denman) a petition entitled "Petition for orders of stay of execution or supersedeas, or in the alternative for orders releasing petitioners [appellants] on bail, or in the alternative for writs of habeas corpus." The petition was addressed to Judge Denman and prayed that he make and enter an "order of stay of execution or supersedeas upon the posting of reasonable security pending petitioners' appeals," or that he "fix reasonable bail and order petitioners released pending appeal upon the posting of the bail so fixed," or that he issue a writ of habeas corpus. The petition was heard by Judge Denman in chambers on October 29, 1948, and was filed with the clerk of this court on November 1, 1948.

On November 1, 1948, Judge Denman made, signed and filed with the clerk of this court two orders—one relating to appellant Alexander and one relating to appellants Bissey, Bock, Dobbs, Forest, Kasinowitz, Noble, Sherman, Smith and Steinberg. On November 2, 1948, Judge Denman made, signed and filed with the clerk of this court an order amending his orders of November 1, 1948. As thus amended, Judge Denman's orders of November 1, 1948, purported to stay the judgments[2] during the pendency of the appeals and directed that each of the appellants be released pending final decision of his or her appeal, or until the further order of this court upon filing with the clerk of the District Court a bond or cash deposit in the sum of $500.

On November 9, 1948, appellee, the United States, filed with the clerk of this court a motion entitled "Motion to set aside stay of execution." Therein the judgments were described and referred to as the "judgment," and Judge Denman's orders of November 1 and 2, 1948, were described and referred to as "an order filed November 2, 1948, staying the execution of the judgment." The motion prayed "that the stay of execution heretofore entered be set aside." Thus, in effect, the motion was one to vacate and set aside Judge Denman's orders of November 1 and 2, 1948. The motion was heard by us on November 22, 1948.

We know of no statute or rule of court, and appellants cite none, empowering a judge of a court of appeals to make such orders as Judge Denman's orders of November 1 and 2, 1948.

Appellants cite §§ 1000 and 1007 of the Revised Statutes, 28 U.S.C.A. §§ 869 and 874, and § 1 of the Act of January 31, 1928, c. 14, 45 Stat. 54, 28 U.S.C.A. § 861a. These sections were repealed by § 39 of the Act of June 25, 1948, c. 646, Public Law 773, effective September 1, 1948, 62 Stat. 992.

■ Appellants cite § 2 of the Act of January 31, 1928, as amended by the Act of April 26, 1928, c. 440, 45 Stat. 466, 28 U.S.C.A. § 861b.[3] Section 2 was amended by § 23 of the Act of June 25, 1948, c. 646, 62 Stat. 990, Public Laws 773, effective September 1, 1948, to read as follows: "All Acts of Congress referring to writs of error shall be construed as amended to the extent necessary to substitute appeal for writ of error." As thus amended, § 2 obviously does not empower a judge of a court of appeals to make such orders as Judge Denman's orders of November 1 and 2, 1948.

■ Appellants cite Rule 46(a)(2) of the Federal Rules of Criminal Procedure, 18 U.S.C.A. The Federal Rules of Criminal Procedure apply to criminal proceedings.[4] One of them (Rule 42) applies to

---

[1] Each judgment was entitled "Judgment, order and commitment in civil contempt."

[2] In Judge Denman's orders, the judgments were described and referred to as the District Court's "order."

[3] Section 861b was omitted from 28 U.S.C.A., effective September 1, 1948.

[4] See Rule 1 of the Federal Rules of Criminal Procedure.

criminal contempt proceedings. None of them applies to civil contempt proceedings. The proceedings at bar are civil, not criminal.

Appellants cite Rules 62(g) and 73(d) of the Federal Rules of Civil Procedure, 28 U.S.C.A. Rule 62(g) does not confer or purport to confer any power whatever. Rule 73(d) does not confer or purport to confer any power on a judge of a court of appeals.

■ Appellants cite Rule 36 of the Supreme Court, 28 U.S.C.A., and Rule 9 of this court and argue that, by Rule 9, this court adopted Rule 36. Appellants are mistaken. Rule 9 merely provides that "The practice [in this court] shall be the same as in the Supreme Court of the United States, so far as the same shall be applicable." Rule 36 provides for the allowance of appeals taken to the Supreme Court by petition [5] and prescribes the practice to be followed by the judge or justice allowing such an appeal.[6] That practice is inapplicable here; for the appeals at bar were not taken by petition, but were taken by filing notice pursuant to Rule 73(a) of the Federal Rules of Civil Procedure.[7] They were not allowed by any judge or justice. No allowance was necessary.

We have found no case holding that a judge of a court of appeals has power to make such orders as Judge Denman's orders of November 1 and 2, 1948. There was no such holding in Peugh v. Davis, 110 U.S. 227, 4 S.Ct. 17, 28 L.Ed. 127; In re Claasen, 140 U.S. 200, 11 S.Ct. 735, 35 L.Ed. 409; In re McKenzie, 180 U.S. 536, 21 S.Ct. 468, 45 L.Ed. 657; Tornanses v. Melsing, 9 Cir., 106 F. 775; Tinkoff v. United States, 7 Cir., 86 F.2d 868, or in any of the other cases cited by appellants.

■ . We conclude that Judge Denman had no power to make his orders of November 1 and 2, 1948.

. Whether this court could make such orders, if requested to do so, need not be decided,[8] no such request having been made.

The motion is granted, and Judge Denman's orders of November 1 and 2, 1948, are vacated and set aside.

---

[5] See Rule 72 of the Federal Rules of Civil Procedure.

[6] A part of the practice so prescribed is that "The judge or justice allowing the appeal shall take the proper security for costs and sign the requisite citation and he may also, on taking the requisite security therefor, grant a supersedeas and stay of execution or of other proceedings under the judgment or decree, pending such appeal."

[7] In Penfield Co. of California v. Securities & Exchange Commission, 330 U. S. 585, 67 S.Ct. 918, 91 L.Ed. 1117, this was held to be the proper way to take an appeal from a judgment in a civil contempt proceeding.

[8] See, however, Fenton v. Walling, 9 Cir., 139 F.2d 608.