## STACK et al. v. BOYLE, United States Marshal.

### No. 13099.

United States Court of Appeals Ninth Circuit.

Oct. 3, 1951.

Healy, J., dissented.

1. Appellants are Loretta Starvus Stack, Al Richmond, Philip Marshall Connelly, Dorothy Rosenblum Healey, Ernest Otto Fox, William Schneiderman, Carl Rude Lambert, Henry Steinberg, Oleta O'Connor Yates, Rose Chernin Kusnitz, Mary Bernadette Doyle and Albert Jason Lima. Connelly, Healey, Schneiderman and Steinberg have been here before. See Schneiderman v. United States, 9

Ben Margolis, Los Angeles, Cal., Leo A. Sullivan, Oakland, Cal., Daniel G. Marshal, Los Angeles, Cal., Richard Gladstein, Charles R. Garry, Julius M. Keller and Benjamin Dreyfus, San Francisco, Cal., for appellants.

Ernest A. Tolin, U. S. Atty., Los Angeles, Cal., for appellee.

Before MATHEWS, HEALY and BONE, Circuit Judges.

MATHEWS, Circuit Judge.

Appellants[1] were indicted for violating § 3 of the Smith Act,[2] were allowed bail by District Judge Mathes in the sum of $50,000 each and, in default of furnishing such bail, were detained in the custody of appellee, United States Marshal James J. Boyle. Alleging that the bail required of them was excessive, appellants petitioned the District Court for writs of habeas corpus. Orders to show cause were issued, returns were filed, a hearing was had before District Judge Harrison, an order was entered denying the petitions, and appellants have appealed from the order. We affirm the order for the following reasons:

First. Habeas corpus is not a proper remedy for one charged, as appellants were and are, with an offense against the United States and detained, as appellants

Cir., 119 F.2d 500, reversed in 320 U.S. 118, 63 S.Ct. 1333, 87 L.Ed. 1796; Alexander v. United States, 9 Cir., 173 F.2d 865, 867; Id., 9 Cir., 181 F.2d 480; Doran v. United States, 9 Cir., 181 F.2d 489; Connelly v. United States District Court, 9 Cir., 191 F.2d 692.

2. 18 U.S.C.1946 Edition, § 11 [1948 Revised Criminal Code, 18 U.S.C.A. § 2385].

were and are, in the custody of a United States marshal in default of furnishing bail alleged to be excessive.[3] The proper remedy in such a case is a motion for reduction of bail.[4] Therefore, regardless of whether the bail required of appellants was excessive, their petitions for writs of habeas corpus were properly denied.

■ Second. Judge Harrison did not find that the bail required of appellants was excessive. Instead, he found that the bail required was "necessary to assure the presence of [appellants] in the further proceedings in the criminal case."[5] We cannot say that the finding was clearly erroneous. Therefore we should affirm the order, even if we considered habeas corpus a proper remedy for one charged with an offense against the United States and detained in the custody of a United States marshal in default of furnishing bail alleged to be excessive, which we do not.

Order affirmed.

BONE, Circuit Judge (concurring).

I am in agreement with the views expressed by Judge Mathews. Despite the traditional and historic place in our Federal system of law which the Great Writ occupies, it is more than strange that one hundred and fifty-seven years elapsed (1789–1946) before a Federal appellate court reached the conclusion (and squarely held) that a person under indictment could resort to Habeas Corpus proceedings to secure reduction of bail fixed by a district court.

3. We regard as erroneous, and decline to follow, United States ex rel. Rubinstein v. Mulcahy, 2 Cir., 155 F.2d 1002, cited by appellants. The holding in the Rubinstein case was not supported by any of the cases cited therein (Johnson v. Hoy, 227 U.S. 245, 33 S.Ct. 240, 57 L.El. 497; Colyer v. Skeffington, D.C.Mass., 265 F. 17, reversed in Skeffington v. Katzeff, 1 Cir., 277 F. 129; People ex rel. Sammons v. Snow, 340 Ill. 464, 173 N.E. 8, 72 A.L.R. 798; People ex rel. Deliz v. Warden of City Prison, 260 App.Div. 155, 21 N.Y.S. 435). The question here presented—whether habeas corpus is a proper remedy for one charged with an offense against the United States and detained in the custody of a United States Marshal in default of furnishing bail alleged to be excessive—was raised in Johnson v. Hoy, but the Supreme Court found it unnecessary to decide the question and did not decide it. The question was not involved or decided in the Skeffington case, the Sammons case or the Deliz case.

HEALY, Circuit Judge (dissenting).

I think habeas corpus is available to one detained in custody under bail claimed to be excessive. See 28 U.S.C.A. § 2241(c)(1) and (3). The government concedes that it is, and the only cases bearing on the subject support that view.[1] See particularly, United States ex rel. Rubinstein v. Mulcahy, 2 Cir., 155 F.2d 1002. If it were otherwise, no adequate remedy for the imposition of excessive bail would exist. Yet the right involved is one guaranteed by the Constitution, the Eighth Amendment of which provides that "Excessive bail shall not be required." Of course a motion for reduction addressed to the court which has fixed the amount would be a proper course, but in this instance it would obviously be futile. Judge Mathes, who is in charge of the cases below and who fixed the bail, did so after a full hearing of all matters since urged in the habeas corpus proceedings now before us. One can hardly expect him to change his views on a second hearing of the same facts.

The petitioners are accused persons, only, who have not yet been tried on the charge against them, and they are entitled to the usual presumption of innocence appertaining to those of that status. Measured at least by the standards followed by the federal courts elsewhere, their claim that the bail fixed in their cases is excessive is worthy of serious attention. It is notable that in respect of the communist groups rounded up and indicted under the Smith Act in oth-

4. See, for example, United States v. Averett, D.C.W.D.Va., 26 F.2d 676. See, also, Smith v. Lee, D.C.N.D.N.Y., 13 F. 28.

5. See Rule 46 (c) of the Federal Rules of Criminal Procedure, 18 U.S.C.A.

1. The cases of United States v. Averett and Smith v. Lee, cited in note 4 of the majority opinion, do not support the view expressed in the text of the opinion.

er places in the country bail has not been fixed in anything approaching the amount here required. It is debatable, too, whether the factors required to be considered in determining the amount of bail, as prescribed in Rule 46(c) of the Federal Criminal Rules, 18 U.S.C.A., were observed in these cases.[2]

The claim of the petitioners should be considered by this court unfettered by the holding of the majority that no court other than the one which fixed bail has any authority to consider whether the amount is excessive.

2. Rule 46(c) reads: "Bail * * * (c) Amount. If the defendant is admitted to bail, the amount thereof shall be such as in the judgment of the commissioner or court or judge or justice will insure the presence of the defendant, having regard to the nature and circumstances of the offense charged, the weight of the evidence against him, the financial ability of the defendant to give bail and the character of the defendant."